(No. 23253.—<span></span>

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Er-
ror, *vs.* PETER PACE, Plaintiff in Error.

*Opinion filed December 19, 1935.*

SAMUEL A. HOFFMAN, (GEORGE A. GORDON, of coun-
sel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY,
State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON,
JOHN T. GALLAGHER, and RICHARD H. DEVINE, of counsel,)
for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

Plaintiff in error, Peter Pace, was convicted of murder
and sentenced to a term of 199 years' imprisonment on the
verdict of a jury in the criminal court of Cook county. On
this writ of error he brings only the common law record,
and urges for reversal that the verdict, sentence and judg-
ment are contrary to law because (1) the sentence exceeds
the statutory limit; (2) is impossible of execution; (3) de-
feats the object of the Parole act; and (4) is prohibited by
the constitutions of Illinois and the United States as not
proportioned to the offense and as being cruel and unusual.

All of the arguments presented by Pace may be summarized very briefly. He says that we must take judicial notice that his sentence cannot be served in a lifetime and that it is therefore impossible of execution; that by specifying so long a period of years he has been deprived of any hope of serving as much as one-third of it and will therefore never have any opportunity to apply for parole, whereas under a life sentence so designated he would be eligible to clemency after twenty years' imprisonment. This so-called circumvention of the Parole act is really his only cause of complaint, as life sentences are so usual as to make any discussion of their legality unnecessary. The briefs agree that the precise question here raised is one of first impression and no cases on the exact point are cited or discussed.

It is the defendant's major premise that we should take judicial notice that no one, no matter of what age or condition of health, could live to serve this sentence, and that in so far as it exceeds his lifetime it is necessarily void because impossible of execution. From this premise he proceeds to urge that the court and jury sought to, and if the judgment stands actually did, evade the provisions of the Parole law.

It must first be observed that any sentence, no matter how short, may eventually extend beyond the life of the prisoner. Any sentence for a term of years is necessarily conditioned upon the prisoner living out the term, and we fail to see wherein he can be either interested in or prejudiced by an excess number of years which he cannot serve nor the People exact. The jury evidently intended to permanently remove this defendant from society without exacting his life, and we hold that in so doing they were within the statutory provision that whosoever is guilty of murder "shall suffer the punishment of death, or imprisonment in the penitentiary for his natural life, or for a term not less than fourteen years." (Cahill's Stat. 1933, chap. 38,

sec. 142, par. 339.) Any other holding would force our courts into a morass of evidence as to the life expectancy of defendants and would seriously encumber and embarrass the enforcement of criminal laws.

The Parole law has nothing to do with this case, and we are not presently concerned with any question as to whether or not an effort has been made to circumvent it. That act is one of clemency and grace and relates to prison government and discipline. (*Farrell* v. *People,* 133 Ill. 244; *People* v. *Murphy,* 276 id. 304.) When the defendant has been denied some right which he claims under the Parole law, will be a suitable time for deciding such questions as he may then raise.

*Judgment affirmed.*