(No. 23539.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* KENNETH RUCKER, Plaintiff in Error.

*Opinion filed October 27, 1936.*

JOHN E. TAYLOR, and HAROLD F. RONIN, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, RICHARD H. DEVINE, and MELVIN REMBE, of counsel,) for the People.

Mr. CHIEF JUSTICE HERRICK delivered the opinion of the court:

The defendant, Kenneth Rucker, in the criminal court of Cook county, was found guilty of murder on a trial before a jury and by their verdict his punishment was fixed at confinement in the penitentiary for 199 years. Judgment was entered in accordance with the verdict. By this writ of error he seeks to have the judgment of the trial court declared to be, in effect, a life sentence rather than for a term of years, in order that the provisions of the Parole act (State Bar Stat. 1935, chap. 38, sec. 1, p. 1259,) relative to life imprisonment may become applicable to his sentence.

Different reasons are assigned by the defendant in support of his position. They may be summarized in (1) a jury cannot fix imprisonment for a period longer than life, and (2) by the verdict returned the jury had imposed a punishment at such term of years as would defeat the provisions of the Parole act.

To sustain his claims the defendant cites *People* v. *Elliott,* 272 Ill. 592, and *People* v. *Heffernan,* 312 id. 66. The *Elliott case* was a prosecution for a violation under a then statute which prohibited the sale of intoxicating liquor in anti-saloon territory. The defendants were found guilty on the first seventy counts of the indictment, which charged unlawful sales, and the seventy-first count, for keeping a place where intoxicating liquor was unlawfully sold. They were sentenced to pay a fine and to imprisonment for 10 days in the county jail on each of the first seventy counts and 20 days on the seventy-first count, making a total

of 720 days, the jail sentences to run consecutively. This court held the form of judgment was incorrect and remanded the cause, with leave to the State's attorney to move for, and directions to the trial court to enter, a judgment in accordance with the rule established by this court that "the correct method of entering judgment is not for the total time in gross but for a specified time under each count, the time under the second to commence when the first ends, and so on to the last." We there held that the punishment, aggregating 720 days, was not disproportionate to the offense committed; that the legislature had the authority to determine what acts should constitute a crime and the punishment to be imposed for the commission thereof. That case does not sustain any theory of the defendant's cause.

In the *Heffernan case, supra,* the defendants were found guilty of murder. Heffernan's punishment was fixed at death and his co-defendant's at imprisonment for life. In that case Mr. Justice Duncan, speaking for the court, said at page 71 of the opinion: "In this State our statute recognizes no degrees in the crime of murder. The punishment for murder is imprisonment in the penitentiary for a term of years not less than fourteen, and such punishment may extend to life imprisonment, or the punishment may be death. The jury in every instance not only passes upon the question of the guilt of a defendant charged with murder, but are the sole judges of the turpitude of the crime and the proper punishment therefor within the above limits." The defendant argues that from this quoted portion of the opinion this court has held that a sentence which lays upon a defendant a penalty in years extending beyond the life of the average man is not warranted and must be held to be a sentence for life. We are not in accord with that construction of the opinion in the *Heffernan case* and in our judgment such is not a correct interpretation thereof. The statute governing the punishment for murder (State Bar Stat. 1935,

chap. 38, sec. 142, p. 1200,) provides that "whoever is guilty of murder, shall suffer the punishment of death, or imprisonment in the penitentiary for his natural life, or for a term of not less than fourteen years." It is obvious that the General Assembly intended to give to the jury a wide latitude in deciding what punishment should be meted out to one found guilty of murder. The degree of punishment, to be measured as the jury in their discretion should decide, was proportionate to the facts surrounding the killing and the state of mind under which the murder was committed. It is significant that the act fixed a minimum of years that the jury might say a convicted prisoner should serve but left the maximum of years in the breast of the jury who heard the cause. If the legislative intent was to have fixed a maximum of years which a jury finding a defendant guilty of murder might pronounce it doubtless would have so spoken. We do not agree with the defendant's claim that the words, "a term of years not less than fourteen," mean any term of years not less than fourteen and not exceeding the life expectancy of the average prisoner.

The case of *People* v. *Murray*, 72 Mich. 10, 40 N. W. 29, is cited by the defendant as justifying his assertion that the life expectancy of the defendant should be considered where the term of imprisonment is fixed by years. In the *Murray case* the defendant, twenty-three years of age, was sentenced to the penitentiary for 50 years for a statutory rape of a girl eleven years old. The Supreme Court of Michigan in that case held that where the punishment for an offense is for a term of years to be fixed by the trial judge it should not be made to extend beyond the average period of years of an imprisoned person's life. That case is not in harmony with our own adjudications and we decline to follow it.

In *People* v. *Krotz*, 341 Ill. 214, the defendant, thirty-eight years old, was found guilty of statutory rape of a

girl twelve years old. He was sentenced to the penitentiary for 99 years. It is obvious that such period was far in excess not only of his life expectancy but extended beyond the span of life, in modern times, of man. The statute (State Bar Stat. 1935, chap. 38, sec. 237, p. 1224,) provides the penalty for rape shall be a term of not less than one year and may extend to life. This court held in the *Krotz case* that the sentence there was within the period permitted by the statute and affirmed the conviction.

In criminal cases in Illinois the courts and juries do not deal in life expectancies as related to judgments of conviction for a fixed term of years. *People* v. *Pace,* 362 Ill. 224.

The record here does not contain the bill of exceptions, so that we do not have the benefit of the facts proving the defendant's guilt which were before the jury and the trial court. It is apparent that the jury determined the moral turpitude of the defendant was great; that he was guilty of an atrocious murder and should be placed forever without the pale of human society. The trial court concurred in this action of the jury.

The jury were authorized, under the statute, in fixing the period of imprisonment of the defendant at 199 years. (*People* v. *Pace, supra.*) The question whether the punishment inflicted by the sentence of the jury in practical effect deprives the defendant here of any benefit of the Parole law is not now here for decision. The matter of a parole is not a judicial but purely a legislative function.

The judgment of the criminal court of Cook county was within the law and is affirmed.                    *Judgment affirmed.*