(No. 26827.— ▪▪▪▪▪▪)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* COY THOMPSON, Plaintiff in Error.

*Opinion filed November 18, 1942.*

R. E. SMITH, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Coy Thompson, was indicted in Cook county for the crime of murder, alleged to have been committed on June 30, 1931. The indictment was returned July 6, 1931, and, on the same day, the defendant was arraigned, counsel appointed, jury waived and the cause tried before the court. No bill of exceptions has been preserved, but the record shows the evidence was heard, the defendant found guilty of murder, as charged in the indictment, and the age of the defendant found to be 32 years. Motion for new trial was overruled, and motion in arrest of judgment denied. Thereupon the court sentenced the defendant to one hundred years in the penitentiary, and ordered that the defendant be placed in solitary confinement on each anniversary of the crime.

Plaintiff in error complains the sentence of one hundred years in the penitentiary is illegal, as it would deprive him of the benefit of the law relative to probation and parole. No authorities are cited supporting this position. In the cases of *People* v. *Pace,* 362 Ill. 224, and *People* v. *Rucker,* 364 id. 371, where the same point was raised, this court upheld sentences of one hundred ninety-nine years in each case upon the ground such sentence was proper because it may have been the object of the jury to take the defendant away from society for the remainder of his life. Such may have been the object of the judge in the instant case.

In those cases it is also pointed out that parole was merely an act of clemency and grace, which the defendant could not invoke at his own will. There is nothing in this case to show that the sentence imposed by the court was not amply justified.

The judgment is affirmed.    *Judgment affirmed.*