(No. 27214.—
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RUSSELL GRANT, Plaintiff in Error.

*Opinion filed Nov. 16, 1943.—Rehearing denied Jan. 17, 1944.*

Russell Grant, *pro se.*

George F. Barrett, Attorney General, and Thomas J. Courtney, State's Attorney, of Chicago, (Edward E. Wilson, John T. Gallagher, and Melvin S. Rembe, all of Chicago, of counsel,) for the People.

Mr. Justice Thompson delivered the opinion of the court:

Plaintiff in error, Russell Grant, acting *pro se,* on March 19, 1943, filed in this court a motion for a writ of error and for leave to sue as a poor person to review his conviction for murder and a sentence imposed by the criminal court of Cook county. At the May term this court refused to consider the motion because no motion for a writ of error is necessary in a criminal case where the punishment is other than death, as it is a writ of right. (Ill. Rev. Stat. 1941, chap. 38, par. 771.) Leave was granted plaintiff in error to sue as a poor person on condition that the writ be sued out within ninety days.

On June 23, 1943, a *praecipe* for the writ was filed and on the same day the writ issued. As a return to the writ the clerk of the criminal court returned a certified copy of the penitentiary *mittimus,* which included the judgment of conviction and sentence. No bill of exceptions was included with the return and we must therefore assume that none was ever filed and made a part of the

record of the criminal court. The questions of fact concerning plaintiff in error's confession being obtained by coercion cannot be considered in the absence of a bill of exceptions, as this court is a court of review and is limited to such questions as were raised in the lower court and saved for review, (*People ex rel. Fensky* v. *Leinecke,* 290 Ill. 560,) except as to matters shown by the common-law record. The question as to whether a confession of a defendant in a criminal case is inadmissible because obtained by coercion, so as to amount to an infringement of his constitutional right not to be compelled to give evidence against himself, may be waived. *People* v. *Leinecke,* 290 Ill. 560; *People* v. *Powers,* 283 Ill. 438; *People* v. *Reed,* 287 Ill. 606.

Plaintiff in error contends that there is no statutory authority for imposing a penalty of imprisonment for 199 years, and that such a sentence is cruel and unusual punishment, in violation of the constitution because it bars him from ever obtaining the benefits of the Parole Law.

The statute provides for three degrees of punishment for murder: (1) a sentence of death; (2) life imprisonment; and (3) imprisonment for not less than fourteen years, the penalty to be fixed by the jury. (Ill. Rev. Stat. 1941, chap. 38, par. 360.) Plaintiff in error points out that if given a life sentence he would be eligible for parole in thirty years, whereas, under a sentence for one hundred ninety-nine years he, being twenty-three years of age at the time of his conviction, would be denied the benefits of the Parole Law because he would be eighty-three years of age before he would be eligible to apply for its benefits. This court has, in three very recent cases, decided adversely to that contention and under the rule of *stare decisis* it is no longer an open question in this State. *People* v. *Pace,* 362 Ill. 224; *People* v. *Rucker,* 364 Ill. 371; *People* v. *Thompson,* 381 Ill. 71.

64

The Supreme Court of the United States, in *Spies* v. *Illinois,* 123, U. S. 131, 8 S. Ct. 22, denied writs of error in capital cases where it appeared from the face of the record that the judgment complained of was in accordance with previous well-considered judgments in similar cases. Without a bill of exceptions, we must accept the findings as being supported by the evidence.

For the foregoing reasons, the judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*