(No. 27840.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. MATTHEW NOWAK, Plaintiff in Error.

*Opinion filed May 16, 1944.*

12

Matthew Nowak, *pro se.*

George F. Barrett, Attorney General, and Thomas J. Courtney, State's Attorney, of Chicago, (Edward E. Wilson, John T. Gallagher, and Melvin S. Rembe, all of Chicago, of counsel,) for the People.

Mr. Justice Murphy delivered the opinion of the court:

An indictment returned to the criminal court of Cook county in March, 1933, charged plaintiff in error with the crime of murder. When arraigned he tendered a plea of not guilty but thereafter such plea was withdrawn and a plea of guilty entered. After hearing evidence in aggravation and mitigation of the circumstances of the homicide, he was committed to the penitentiary for a term of one hundred years. He was received at the penitentiary the latter part of the year 1933 and now brings the case to this court by writ of error. The questions submitted are raised on the common-law record.

The grounds for reversal refer to the penalty imposed. Reference is made to the parts of section 1 of the Parole Act, (Ill. Rev. Stat. 1943, chap. 38, par. 801,) where it is ordered that if one convicted of murder is sentenced to the penitentiary for life, he becomes eligible to parole at the end of twenty years, while if he is sentenced for any number of years, greater than the minimum, he is not eligible until he has served one third of such term. The

claim is made that the application of this provision to plaintiff in error's case deprives him of the right to the equal protection of the law as guaranteed by section 1 of the fourteenth amendment to the Federal constitution. In demonstrating the point, plaintiff in error argues that one convicted of murder and committed to the penitentiary for life becomes eligible to parole when he has served twenty years, while in his case, having been committed for one hundred years, he will not be eligible to parole until he has served thirty-three and one-third years of such term. If such contention was to be sustained, a sentence for a term of more than sixty years would furnish a basis for a claim of unjust discrimination.

Section 142 of division I of the Criminal Code (Ill. Rev. Stat. 1943, chap. 38, par. 360,) directs that whoever may be convicted of murder shall suffer the punishment of death or imprisonment in the penitentiary for his natural life, or a term of not less than fourteen years. In *People* v. *Hetherington,* 379 Ill. 71, *People* v. *Rucker,* 364 Ill. 371, and *People* v. *Pace,* 362 Ill. 224, the defendant in each case was sentenced to the penitentiary for one hundred ninety-nine years. In *People* v. *Thompson,* 381 Ill. 71, the term of imprisonment was fixed at one hundred years. The period of imprisonment was sustained in each case. In the *Pace case,* it was stated that any sentence, however short, might extend beyond the life of the prisoner and the serving of a sentence for any term was conditioned upon the prisoner living the full term. The principles announced in the foregoing cases furnish no basis for plaintiff in error's claim that he had been discriminated against insofar as the penalty imposed is concerned. Prisoners who are convicted of murder and sentenced to the penitentiary for life and those sentenced to the penitentiary for a term of years which is in excess of the period for which a person usually lives receive the same penalty. They are of the

same duration, for death terminates the sentence in either case.

The remaining question is as to whether the possibility that a prisoner serving a life sentence for murder may be paroled when he has served twenty years while one sentenced to serve one hundred years cannot be paroled until he has served thirty-three and one-third years, is a denial of the equal protection of the laws within the meaning of the Federal constitution. Plaintiff in error was twenty-four years of age when convicted and the sentence of one hundred years' imprisonment in the penitentiary is in effect a sentence for life. He has no right under the law to demand that he be discharged from the penitentiary during his lifetime. (*People* v. *Connors,* 291 Ill. 614.) The severity of the penalty imposed can not be relaxed except by action of the Governor under the powers conferred on him or by application of the provisions of the Parole Act. These may be granted as a matter of grace and not as of legal right. Such acts of leniency, whether by pardon or parole, are administered by the executive branch of the government in the interests of society and the discipline, education and reformation of the one convicted. The State agency clothed with the power to administer the Parole Act does not perform judicial functions. *People* v. *Mikula,* 357 Ill. 481.

That the legislature has the right under the Federal constitution to provide that certain classes of prisoners shall serve longer minimum terms before being eligible to parole than other classes is settled by *Ughbanks* v. *Armstrong, Warden,* 208 U. S. 481, 52 L. ed. 582. In that case the prisoner had been sentenced to the penitentiary for an indeterminate term of not less than one nor more than two years. The laws of the State provided that prisoners who had been previously convicted of a felony were not eligible to parole until the maximum penalty had been

served. In answer to the contention that it violated the equal-protection clause of the Federal constitution, the court said the claim rests upon an entire misapprehension of the rights of a prisoner sentenced under such a statute. It was held that the due-process and equal-protection clauses of the fourteenth amendment were not intended to, and do not, limit the powers of a State in dealing with a crime committed within its own borders or with the punishment therefor, although no State can deprive particular persons or classes of persons of equal and impartial justice under the law. It was said that the act in question provided for the granting of a favor to persons convicted of crime who are confined in a State prison and that "As the state is thus providing for the granting of a favor to a convicted criminal confined within one of its prisons, it may (unless under extraordinary circumstances) attach such conditions to the application for or to the granting of the favor as it may deem proper, or it may, in its discretion, exclude such classes of persons from participation in the favor as may to it seem fit. If the state choose to grant this privilege to make application to the governor for a discharge upon parole in the case of one class of criminals and deny it to others, such, for instance, as those who have been twice convicted of a felony, it is a question of state policy exclusively for the state to decide, as is also the procedure to ascertain the fact, as well as the kind or amount of evidence upon which to base its determination." The principle announced in the foregoing case is conclusive on the question presented here.

For the reasons assigned, the judgment of the criminal court is affirmèd. *Judgment affirmed.*