(No. 28583.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH BERNOVICH, Plaintiff in Error.

*Opinion filed September 19, 1945.*

JOSEPH BERNOVICH, *pro se.*

GEORGE F. BARRETT, Attorney General, and ROY P. HULL, State's Attorney, and C. E. McNEMAR, both of Peoria, for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

On March 14, 1935, the plaintiff in error, Joseph Bernovich, named as defendant in this opinion, was indicted in the circuit court of Peoria county on the charge of murder. On May 15, 1936, he plead guilty and was sentenced to serve 150 years in the Illinois State Penitentiary at Joliet.

On September 27, 1940, more than four years after he was sentenced, the defendant filed a motion to vacate the judgment sentencing him, asking that he be permitted to withdraw his plea of guilty and change said plea to "not guilty," to which motion an answer was filed by the State. On November 26, 1940, an extended hearing, including the taking of considerable testimony, was held, after which the trial court overruled the motion and remanded the defendant to the State penitentiary. A report of the proceedings taken upon the hearing was preserved and certified by the trial judge as true and correct on March 15, 1941. The case is now here on a writ of error to the circuit court of Peoria county.

The pertinent facts which are contained in a signed confession made by the defendant, and which are undisputed, show that on January 22, 1935, the defendant, who had formerly been employed by the Postal Telegraph Com-

pany at Peoria, Illinois, entered the office of said company about midnight where he met a former friend, Charles Zimmerman, in charge of the office. Under the threat of shooting Zimmerman, he robbed the company safe of about $100. He then backed Zimmerman at the point of a gun down into the basement and shot Zimmerman before leaving. Zimmerman died a few hours afterwards as a result of the shooting.

The defendant subsequently was indicted, convicted and sentenced to the State Penitentiary of Missouri for armed robbery, from where he had escaped and returned to Illinois. He was then apprehended in Chicago and returned to Peoria for trial.

To reverse the judgment of the trial court he contends first that his constitutional rights were violated because the court did not appoint counsel to represent him. On the hearing of the motion to vacate the judgment he testified he did not know it was within the power of the court to appoint counsel to represent him and that he had no funds to employ counsel. Both the State's Attorney and his assistant testified they notified defendant the court would appoint a lawyer to defend him if he so desired, but he insisted he did not want counsel but wished to plead guilty. The following statement at the close of his written confession confirms such testimony: "All I have to add at this time is that I want to get it over with and not cause my relatives any more grief." In any event, it is well settled that in Illinois no duty is imposed upon the court to appoint legal counsel for an accused unless he states upon oath his inability to procure legal assistance. *People* v. *Corrie*, 387 Ill. 587; *People* v. *Corbett*, 387 Ill. 41.

The defendant next insists that the court erred in not examining witnesses in behalf of defendant as to aggravation or mitigation of the offense. We have held that after a plea of guilty, if neither party makes a request for an

examination of witnesses as to the aggravation or mitigation of the offense, such hearing will be deemed waived. (*People* v. *Throop,* 359 Ill. 354.) In the present case there was not only a plea of guilty, a full and complete signed confession, but the defendant was fully informed as to the consequences of such a plea, and when the court asked him if he had anything further to say as to why sentence should not be pronounced against him, he answered, "No." Under this situation there is no merit to this contention.

Another of defendant's complaints appears to be that he was intimidated by threats and false promises to enter a plea of guilty. On the stand at the hearing on the motion to vacate the judgment he testified that a police officer of the city of Peoria, the State's Attorney and one of his assistants all told him that if he would plea guilty he would receive a light sentence. These statements were all stoutly denied and there is nothing to corroborate the evidence of the defendant. The record is replete with incidents which would lead to a contrary conclusion. There was a recommendation made by the State's Attorney to the court that the life of the defendant be spared. In rendering judgment the trial court stated that the crime was a brutal one which might well merit capital punishment, but that he would concur in the statement of the State's Attorney with reference to sparing the life of the defendant, and fixed the period of imprisonment in the penitentiary at 150 years. The overwhelming proof was against any intimidation or force being exercised to procure a plea of guilty.

The next point, and we believe the one which inspired the filing of a petition for a writ of error after nine years of imprisonment, was that the court erred in sentencing the defendant to the cruel and unusual punishment of 150 years.

There was no doubt about the guilt of the defendant. He confesses to the commission of a foul murder perpe-

trated in the performance of a felony, to which there is not claimed or interposed the slightest defense. Under the recent holdings of this court, the imposition of a sentence of 150 years' imprisonment in this case cannot be construed as a violation of the constitutional rights of the defendant. *People* v. *Grant,* 385 Ill. 61; *People* v. *Pace,* 362 Ill. 224.

Finally, the defendant claims that because of the alleged errors he was denied "due process of law" as guaranteed to him under the State and Federal constitutions. An examination of the record discloses that the trial court accorded to the defendant all the rights and protection afforded him by the constitution and statutes of the State of Illinois. He displayed an eagnerness to plead guilty; he signed a ten-page detailed confession practically dictated by himself; and he made no objection to any part of the procedure, which was not hurried or carried on with haste. We do not perceive or agree that his constitutional rights have been violated or that he has been denied due process of law. The judgment of the circuit court of Peoria county is affirmed.

*Judgment affirmed.*