(No. 28593.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* COY THOMPSON, Plaintiff in Error.

*Opinion filed January 23, 1946—Rehearing denied March 13, 1946.*

COY THOMPSON, *pro se.*

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Coy Thompson, hereinafter referred to as defendant, seeks the reversal of a conviction for

murder in the criminal court of Cook county on July 6, 1931. He alleges error in contending he was denied due process of law. The defendant in error has made a motion to dismiss the writ of error upon the ground that defendant has heretofore prosecuted a writ of error to this court, in which the judgment of conviction in the trial court was affirmed, as shown in the case of *People* v. *Thompson*, 381 Ill. 71.

It is true the same points are not argued in this case that were argued in the former case, but that does not prevent the first writ of error constituting *res judicata* of all questions which could have been raised in the first case. A writ of error is a new case. In such proceeding it was possible to review and decide every error claimed to have been committed by the trial court. When we affirmed the trial court we decided every issue that could have properly been raised upon the record. The rule with respect to the binding effect of a judgment between the same parties upon the same claim or demand is that the judgment is conclusive not only as to every matter offered to sustain or defeat the claim or demand, but as to any other matter which might have been offered for that purpose. *Harding Co.* v. *Harding*, 352 Ill. 417; *Barry* v. *Commonwealth Edison Co.* 374 Ill. 473; *People ex rel. Adams* v. *McKibben*, 377 Ill. 22.

This rule applies to writs of error. In *Pollock* v. *Cohen*, 32 Ohio State, 514, a case frequently cited, it is said: "It is well settled by authority, and is a doctrine sound in principle, that all questions which existed on the record, and could have been considered on the first petition in error, must ever afterward be treated as settled by the first adjudication of the reviewing court. The time should come, in the history of a cause, when litigation must end. If the failing party was allowed to prosecute a new petition in error, on the same record, whenever he imagined he had discovered a new ground of error not previously assigned,

litigation would be interminable. Such practice would violate well-settled principles of law and be against public policy. [Citations.]."

The same principle is decided in *Roberts* v. *Cooper,* 20 How. (U. S.) 467, 15 L. ed. 969; also, *Missouri Pacific Railway Co.* v. *Larabee Flour Mills Co.* 241 U. S. 649, 60 L. ed. 1220. The principle has been adopted in criminal cases. In *People ex rel. Stead* v. *Superior Court,* 234 Ill. 186, after a conviction had been affirmed. on writ of error by this court, a writ of *habeas corpus* was allowed by the superior court and an order discharging the prisoner made because of the insufficiency of the verdict. The case was brought to this court by *certiorari* on ground of interference with the appellate jurisdiction of this court. In holding that the superior court had no jurisdiction of the particular *habeas corpus* proceeding involved, we, among other things, said: "It is true that the question as to the sufficiency of the verdict, and the validity of the judgment based thereon, was not specifically presented when the cause was brought here by writ of error. It is also true that this question might then have been presented to and passed upon by this court had Lipsey seen fit to invoke the judgment of the court in reference thereto. The general rule is, when a judgment is affirmed by this court all questions raised by the assignments of error, and all questions that might have been so raised, are to be regarded as finally adjudicated against the appellant or plaintiff in error. A judgment or decree having been affirmed by this court must be regarded as free from all error."

In *People ex rel. Kerner* v. *Circuit Court,* 354 Ill. 363, we held that where we have reviewed the record in a criminal case in the exercise of appellate jurisdiction, all questions that might have been raised are forever settled by this judgment. The principle must be applied to the case of plaintiff in error. He has had the opportunity to present. all errors occurring in the trial court to this court.

He is conclusively presumed to have had all points which have been raised decided upon his former writ of error in 381 Ill. 71. A rehearing was granted in this case, and, in his answer thereto, plaintiff in error takes exception to certain facts alleged in such petition. Matter was set out therein not contained in the record or bill of exceptions, constituting a violation of our rules. Our frequent critcicism of such practice should impel litigants to understand it does not help a bad cause, and possibly injures a good one. Nevertheless the plaintiff in error has previously had his day, not only in the trial court, but also in this court, and is not entitled to more than one review, even though the objections set out this time were not argued in the first one.

The writ of error is, accordingly, dismissed.

*Writ of error dismissed.*