(No. 29292.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JACK WOODS, Plaintiff in Error.

*Opinion filed May 21, 1946.*

JACK WOODS, *pro se*.

GEORGE F. BARRETT, Attorney General, and WILLIAM
J. TUOHY, State's Attorney, of Chicago, (EDWARD E.
WILSON, JOHN T. GALLAGHER, W. S. MIROSLAWSKI, and
MELVIN S. REMBE, all of Chicago, of counsel,) for the
People.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of
the court:

Plaintiff in error, Jack Woods, who appears *pro se,*
was ·indicted in the criminal court of Cook county for the
crime of murder in case No. 37-1561, and for the crime
of robbery in case No. 37-1562, which causes are unrelated
to each other. The record discloses that a separate trial
was held in each of said cases and that plaintiff in error
was convicted in both by trials before the court, jury trials
having been waived, and sentenced to the penitentiary for
terms of 199 years for the crime of murder and from one
year to life for the crime of armed robbery, these sen-
tences to run consecutively. No bill of exceptions was
approved by the trial court and filed as a part of the record
of conviction in either case. The cause comes here on the
common-law records in the two above-enumerated cases.

The brief of plaintiff in error presents assignments of
error in both cases and his argument follows such assign-
ments. The record discloses that after the plaintiff in
error was tried before the court, after waiving a jury trial,
he was found guilty of murder and sentenced in case

No. 37-1561 to the Illinois State Penitentiary for a term of 199 years. The court then proceeded, after recess, to try plaintiff in error on the charge of armed robbery, shown on the docket as case No. 37-1562, which was a different crime, unrelated to the murder charge. He was also found guilty on the armed robbery charge and sentenced to the penitentiary for a term of from one year to life, both sentences, as above stated, to run consecutively.

Plaintiff in error complicates the record by presenting an assignment of errors in his abstract of the record in each case which is entirely foreign to his assignment of errors in his brief. The assignment of errors in his brief presents matters which could only be determined from a proper bill of exceptions. He contends in his assignment of errors, as to the murder charge, that the indictment should have charged him as an accomplice instead of as a principal and should not have stated that he fired a fatal shot. There is no merit to this contention, as the statute provides: "He who thus aids, abets, assists, advises or encourages, shall be considered as principal, and punished accordingly." Ill. Rev. Stat. 1945, chap. 38, par. 582.

He next contends his punishment was cruel and unnatural in that he was sentenced for 199 years, to be confined at hard labor and to spend a day each year in solitary confinement. The statute makes provision for such a sentence and the court in pronouncing same shall designate what portion of time the offender shall be confined to solitary confinement and what portion to hard labor. (Ill. Rev. Stat. 1945, chap. 38, par. 754a.) The 199-year sentence is authorized by this statute and has been held valid by this court. *People* v. *Hetherington,* 379 Ill. 71; *People* v. *Rucker,* 364 Ill. 371; *People* v. *Pace,* 362 Ill. 224.

It is contended by plaintiff in error that the judgment order in the murder conviction is inconsistent in that it is ordered that he be confined in the penitentiary for and during a term of 199 years from and after the delivery thereof,

at hard labor, and that he be thereafter discharged. There is no merit to plaintiff in error's contention in this regard. The rule is that in determining the sufficiency of a verdict and a judgment of conviction based thereon, the entire record will be searched and all parts of the record interpreted together, and a deficiency in one place may be cured by what appears in another. (*People ex rel. Ewald* v. *Montgomery*, 377 Ill. 241; *People ex rel. Sammons* v. *Hill*, 345 Ill. 103.) Under the record here, the sentence is supported by the judgment.

In case No. 37-1562, same being the armed robbery conviction, it is contended the court was influenced in its judgment because it had before it the facts in both cases. Such contention is not tenable under the record here. Where a defendant seeks a reversal of a judgment of conviction, he assumes the burden of showing the illegality of the proceeding which resulted in the judgment against him, as all reasonable intendments not contradicted by the record are in favor of the validity of the judgment. (*People* v. *Throop*, 359 Ill. 354.) The record before us does not reveal any illegality.

It is further contended that prejudicial statements of witnesses influenced the court; that a separate trial should have been granted; and that plaintiff in error was not allowed sufficient time to consult with counsel or make preparation for trial. All of such matters could be considered only by a bill of exceptions properly presented and they have no basis in the common-law record.

We have examined the record in this case and the numerous contentions made by plaintiff in error and do not find any errors warranting a reversal. For the foregoing reasons, the judgments of the criminal court of Cook county in case No. 37-1561 and case No. 37-1562 are affirmed.

*Judgments affirmed.*