(No. 30563.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PERRY DIXON, Plaintiff in Error.

*Opinion filed May 20, 1948—Rehearing denied September 15, 1948.*

JOHN J. DRISCOLL, of East St. Louis, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, (LOUIS P. ZERWECK, State's Attorney, of Belleville, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

Plaintiff in error, Perry Dixon, prosecutes the writ of error in this case for the purpose of reviewing a judgment of the city court of East St. Louis. He was indicted in court on December 9, 1935. The indictment consisted of one count which charged the defendant with the crime of

rape. The case is presented here with a complete record of the proceedings and transcript of the evidence.

From this record it appears that on December 16, 1935, defendant, a colored boy, 19 years of age, was arraigned, furnished with a copy of the indictment and list of witnesses and entered a plea of not guilty. He informed the court at that time that he had employed an attorney named William A. Cole to defend him. On January 8, 1936, plaintiff in error informed the court that he desired to withdraw his plea of not guilty and enter a plea of guilty. The court explained the consequences of such a plea and the right of the defendant to a jury trial, but defendant persisted in his plea of guilty. On further hearing, testimony of witnesses offered in behalf of the People was taken, and a statement signed by the complaining witness and one signed by plaintiff in error were introduced in evidence. No testimony was offered in behalf of the plaintiff in error, and the court found him guilty of rape as charged in the indictment, found his age to be nineteen years, and sentenced him to a term of 199 years in the Illinois State Penitentiary. He is now confined in the State Penitentiary at Joliet, under said sentence.

Plaintiff in error devotes a large portion of his argument to an attack upon the Parole Act, entitled "An Act to revise the law in relation to the sentence and commitment of persons convicted of crime or offenses and providing for a system of parole and to repeal certain Acts and parts of Acts therein named," approved June 25, 1917, (Ill. Rev. Stat. 1937, chap. 38, pars. 801 to 816, incl.) charging that it is unconstitutional and void, because it denies to the plaintiff in error the equal protection of the law, contrary to the provisions of the fourteenth amendment to the United States constitution, in that it denies to plaintiff in error and all persons imprisoned for the crimes of treason, murder, rape and kidnapping, the benefits accorded to persons convicted of other crimes by providing

a different form of sentence from that provided in above-mentioned crimes. Also, because said law confers judicial power upon an agency of the executive department of government, in violation of the provisions of article III of the Illinois constitution. In support of his argument, he disregards what has been said many times by this court in cases upholding the Parole Act and quotes extensively from the dissenting opinions filed in the cases of *George* v. *People,* 167 Ill. 447, and *People* v. *Joyce,* 246 Ill. 124.

The validity of the present Parole Act and several of its amendments, however, has many times been sustained by this court. A few of the decisions are *People* v. *Cohen,* 307 Ill. 87; *People* v. *Mikula,* 357 Ill. 481; *People* v. *Roche,* 389 Ill. 361; *People* v. *Burnett,* 394 Ill. 420; *People* v. *Montana,* 380 Ill. 596; *People* v. *Belcher,* 395 Ill. 348, and *People* v. *Callicott,* 322 Ill. 390. The briefs of plaintiff in error do not raise any other or different questions from those discussed in previous opinions, and we are not disposed to again review the same questions. *People* v. *Montana,* 380 Ill. 596.

Complaint is made by plaintiff in error that the *mittimus* issued by the city court of East St. Louis does not comply with all the requirements of section 6 of the Parole Act. The *mittimus* does show the name of the judge who sentenced defendant, the court in which judgment was entered and the date thereof, the names of the clerk, State's attorney and sheriff, who were present, the plea of guilty by the defendant, the age of the defendant and the order of the court. In our judgment the form of the *mittimus* substantially complies with all the requirements of a case where the defendant pleads guilty to the crime charged in the indictment. In *People* v. *Harrison,* 384 Ill. 201, we said, "It is not necessary that the trial court be absolutely free from error in order that the verdict of the jury and the judgment of the court be affirmed. If the case shows the case was fairly tried, that no substantial

error occurred in the conduct of the trial or the attitude of the court, and the evidence shows beyond a reasonable doubt the guilt of defendants, the judgment of the trial court should be affirmed."

We think the most serious contention of plaintiff in error is that the punishment imposed upon him of 199 years' imprisonment in the penitentiary was a cruel, harsh, excessive and unusual punishment, in violation of the eighth amendment to the United States constitution, and of section 2 of article II of the Illinois constitution.

The punishment for the crime of rape under the Illinois statute is fixed at a term in the penitentiary "not less than one year and may extend to life." (Ill. Rev. Stat. 1937, chap. 38, par. 490.) Sentences of life imprisonment for statutory rape have been upheld by this court. (*People* v. *Poole*, 284 Ill. 39; *People* v. *Rardin*, 255 Ill. 9; *People* v. *Mundro*, 326 Ill. 324.) Sentences of 99 years in the penitentiary have likewise been sustained. (*People* v. *Krotz*, 341 Ill. 214; *People* v. *Fog*, 385 Ill. 389.) In the *Fog case, certiorari* was denied by the United States Supreme Court. 327 U. S. 811.

The statute of Illinois provides that under a conviction of murder the punishment shall be "death, or imprisonment in the penitentiary for his natural life, or for a term of not less than fourteen years." (Ill. Rev. Stat. 1937, chap. 38, par. 360.) Under this law sentences of 199 years' imprisonment for the crime of murder have been sustained as being within the statutory penalty. *People* v. *Grant*, 385 Ill. 61; *People* v. *Pace*, 362 Ill. 224; *People* v. *Thompson*, 381 Ill. 71.

In the murder cases cited above, it was held that a sentence of 199 years' imprisonment for murder is not invalid as being impossible of execution because the defendant could not live long enough to serve the term, but such a sentence is within the statutory penalty for murder. We have also held that it cannot be contended that such

sentence is an attempt to evade the provisions of the Parole Act, as that law is one of clemency and grace, relating to prison government and discipline, and has nothing to do with the sentence imposed in such case. *People* v. *Pace*, 362 Ill. 224.

Under the authority of those cases, the fact that plaintiff in error was, at the time of sentence, nineteen years of age, will not be eligible for parole for 66 years, and will not, therefore, in all probability, have any opportunity to apply for parole, cannot be considered if the original sentence is within the scope of the statute. In *People* v. *Krotz*, 341 Ill. 214, where the sentence was 99 years in the penitentiary, the defendant was 38 years of age when the judgment was entered, and would not be eligible to parole until he was 71 years of age.

In *People* v. *Mundro*, 326 Ill. 324, where a life sentence for rape was imposed, this court said, "The punishment inflicted was authorized by the statute, and a court cannot hold the punishment inflicted was unreasonable, excessive or disproportionate to the offense." The nature, character and extent of penalties are matters for the legislature, which may prescribe definite terms of imprisonment or specific amounts as fines or fix the maximum or minimum limits of either, and the courts cannot interfere unless there has been a great departure from the fundamental law and the spirit and purpose thereof, or the penalty is manifestly in excess of constitutional limitations. *People* v. *Lloyd*, 304 Ill. 23.

While the punishment in the present case is unusual, it is within the statutory limits. The court evidently intended to remove plaintiff in error from society for the remainder of his life, and we cannot say that the sentence imposed was not justified by the facts, or that it is not within the scope of the statute.

Plaintiff in error further contends that he was not properly represented and asserts that William A. Cole,

the counsel of record, was not a legally licensed attorney in the State of Illinois, but there is nothing in the record to support this statement. Cole appeared as the attorney at the hearing and acted as such. On a plea of guilty, it is hard to determine from the record how well counsel was qualified to represent the defendant at the hearing.

While the sentence was long and severe, we cannot find from the record that the constitutional rights of the plaintiff in error were violated, and the judgment of the city court of East St. Louis is affirmed.

*Judgment affirmed.*