(No. 37090.—

THE PEOPLE *ex rel.* Charles Kubala, Petitioner, *vs.* CHARLES F. KINNEY, *et al.*, Respondent.

*Opinion filed September 28, 1962.*

SCHAEFER and HERSHEY, J.J., dissenting.

THOMAS P. SULLIVAN, of Chicago, (THOMPSON, RAYMOND, MAYER & JENNER, of counsel,) for petitioner.

WILLIAM G. CLARK, Attorney General, of Springfield, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, of counsel,) for respondents.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The question involved in this original *mandamus* action is whether the proviso added to section 1 of the Sentence and Parole Act (Ill. Rev. Stat. 1961, chap. 38, par. 801) "that every person sentenced to the penitentiary regardless of the length of such sentence shall be eligible for parole

at the end of 20 years" applies to persons sentenced prior to January 1, 1962, the effective date of the amendment.

Charles Kubala, who was convicted of murder on August 14, 1933, and sentenced to confinement in the penitentiary for a term of 100 years, applied for parole under this newly enacted proviso. The Prison and Parole Board refused to consider his application on the ground that the proviso to section 1 applies only to persons sentenced on or after January 1, 1962, and that petitioner would not be eligible for parole until he had served one-third of his sentence. Kubala then filed an original petition for a writ of *mandamus* in this court alleging that the proviso to section 1 is applicable to him and that the Parole Board has a mandatory duty to consider his application. The respondents, members of the Parole Board, do not deny that they have a duty to consider applications by prisoners eligible for parole or that *mandamus* is the proper remedy to enforce this duty, but they do contend that petitioner is not eligible for parole because he was sentenced prior to the effective date of the proviso to section 1.

Respondents point out that petitioner would not become eligible for parole under the provisions of the Sentence and Parole Act in force at the time he was sentenced until he had served ⅓ of his sentence and that section 1 then provided that "* * * it shall be deemed and taken as a part of every such sentence that all of the provisions for parole and discharge in this Act contained shall be a part of said sentence as fully as though written in it." (Cahill's Stat. 1933, chap. 38, par. 795). They contend that the proviso in question cannot therefore be applied to petitioner because it would constitute the changing of a judicial judgment by the legislature.

Under our system of government the legislature has the inherent power, within constitutional limits, to prohibit any act as a crime, to fix the punishment for commission of the crime and to determine the manner of executing the punish-

ment. (*People* v. *Burnett,* 394 Ill. 420; *People* v. *Joyce,* 246 Il. 124.) It also has the exclusive power to provide a penological system, (*People ex rel. Latimer* v. *Randolph,* 13 Ill.2d 552,) and to establish rules and regulations for the government and discipline of the inmates. (*George* v. *People,* 167 Ill. 447.) This court has held that allowing an inmate to go outside of the prison on parole falls within the legislature's power relating to prison government and discipline, (*People* v. *Dixon,* 440 Ill. 449; *People* v. *Joyce,* 246 Ill. 124; *People* v. *Pace,* 362 Ill. 224; *George* v. *People,* 167 Ill. 447), that parole is a matter of clemency and grace and not of right (*People ex rel. Castle* v. *Spivey,* 10 Ill.2d 586; *People ex rel. Richardson* v. *Ragen,* 400 Ill. 191; *People* v. *Thompson,* 381 Ill. 71,) and that it is not a part of the sentence imposed by the court. *People* v. *Dixon,* 400 Ill. 449; *People* v. *Nowak,* 387 Ill. 11; *People* v. *Doras,* 290 Ill. 188.

While the precise question of whether a change in the terms and conditions for parole can be applied to persons already sentenced has never been squarely presented in this State, there is a long line of decisions in which this court has applied the foregoing principles to the relationship between a sentence and eligibility for parole. In *People* v. *Pace,* 362 Ill. 224, the defendant contended that his sentence of imprisonment for a term of 199 years was illegal because it circumvented the Parole Act. Although a sentence for 199 years is in effect a life sentence, Pace argued that the sentence was illegal because if he were sentenced to life imprisonment he would be eligible for parole after serving 20 years of the sentence, while under the 199 year sentence he was required to serve ⅓ of the sentence before becoming eligible for parole, that he would not live long enough to become eligible for parole and that the 199-year sentence therefore defeats and circumvents the objects of the Parole Act. In rejecting defendant's contention this court held that the Parole Act had nothing to do with the sentence

imposed by the court; that parole is a matter of clemency and grace and that it relates to prison government and discipline. The holding of the *Pace* case was followed in *People* v. *Rucker*, 364 Ill. 371, 375, ("The matter of parole is not a judicial but purely a legislative function"); *People* v. *Hetherington*, 379 Ill. 71; *People* v. *Thompson*, 381 Ill. 71, 72 ("parole [is] merely an act of clemency and grace, which defendant [cannot] invoke at his own will"); *People* v. *Grant*, 385 Ill. 61, 63 ("under the rule of *stare decisis* it is no longer an open question in this State"); *People* v. *Nowak*, 387 Ill. 11, (defendant who is in effect serving a life sentence but not eligible for parole after serving twenty years of his sentence is not denied equal protection of the laws under the Federal constitution); *People* v. *Bernovich*, 391 Ill. 141; *People* v. *Woods*, 393 Ill. 586; *People* v. *Dixon*, 400 Ill. 449, 452-3, ("it cannot be contended that such sentence is an attempt to evade the provisions of the Parole Act, as that law is one of clemency and grace, relating to prison government and discipline, and has nothing to do with the sentence imposed in such case"); *People* v. *Touhy*, 9 Ill.2d 462; and *People* v. *Shrum*, 12 Ill.2d 261. Each of the foregoing cases involved sentences ranging from 100 to 199 years.

In short, while the legislature has taken into account the nature and length of sentence imposed in determining when a prisoner shall become eligible for parole, the determination is, nonetheless, a legislative function relating to prison government and discipline and is not a part of the judicial sentence; and, since parole is an act of clemency and grace, the legislature may change the terms and conditions for parole and make such change immediately applicable to those sentenced prior, as well as, subsequent to the date of change.

Since the legislature has the power to make changes in the terms and conditions for parole immediately effective regardless of the date of sentencing, the next question is

whether the proviso, as enacted, is to be so applied. This court in *Orlicki* v. *McCarthy*, 4 Ill.2d 342, commented that "The problem of the retroactive application of amendments is not novel in Illinois case law, * * * Some Illinois decisions have considered the issue in terms of vested or nonvested rights [citations]; others analyze it in terms of jurisdiction [citations]; others have considered whether the provision was substantive or procedural [citations]; other courts have relied upon the intention of the legislature [citations]; and there are also decisions predicated on the statutes of construction [citations]; or upon a combination of these legal concepts and rules." (4 Ill.2d 342, 345). Several of these legal concepts and rules have been discussed by respondents and by the Attorney General, (1961 Attorny General's Opinions, p. 347,) in support of the prospective application of the proviso.

It is unnecessary to consider each of these concepts and rules in further detail than to note that a prisoner has no right, except as the legislature gives it, to be paroled, and that the provisions for parole do not mitigate any penalty, forfeiture or punishment within the meaning of section 4 of "An Act to revise the law in relation to the construction of the statutes" (Ill. Rev. Stat. 1961, chap. 131, par. 4,) because the parole provisions, as we have just pointed out, do not become a part of the penalty or punishment pronounced by the court. The obvious purpose of the proviso is to include within the system of parole those persons sentenced to the penitentiary under the type of sentence approved in the *Pace* case and those following it. In making this policy determination, the legislature did not indicate that it apply only to persons sentenced on or after January 1, 1962, but stated that "every person sentenced to the penitentiary regardless of the length of such sentence shall be eligible for parole at the end of 20 years." Were the proviso to be applied only to sentences pronounced on or after January 1, 1962, the operation of the legislative de-

termination that every person sentenced to the penitentiary be eligible for parole at the end of 20 years would be delayed for twenty years. The facts that the legislature can make changes in the terms and conditions for parole immediately effective regardless of the date of sentencing, that the proviso by its terms applies to every person sentenced to penitentiary regardless of the date of sentencing and that the legislative policy expressed in the proviso would be of no practical effect for 20 years if the proviso were not applied to persons sentenced prior to its effective date, lead us to the conclusion that the proviso in question should be applied to persons sentenced prior to January 1, 1962.

The writ of *mandamus* is ordered to issue.

*Writ awarded.*

Mr. JUSTICE SCHAEFER, dissenting:

The first question in this case is a simple one of statutory construction and in my opinion the answer to that question disposes of the case. The normal rule is that a statute operates prospectively unless the intention that it should have a retrospective effect is plainly expressed. That rule of construction is crystalized in section 4 of the Statutory Construction Act which provides: "No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, . * * *." Ill. Rev. Stat. 1961, chap. 131, par. 4.

Nothing in the language of the statute before us suggests that it is intended to operate retrospectively, and I see no reason why it should be given such an effect. The argument that "the legislative policy expressed in the proviso would be of no practical effect for 20 years if the proviso were not applied to persons sentenced prior to its effective date" is not convincing to me, for it seems to assume the answer to the question to be decided. If the General As-

sembly wanted the amendment to apply only prospectively, it would not want it to have any "practical effect for 20 years." The language used is entirely consistent with such a legislative policy.

The same session of the General Assembly that adopted this amendment to the Parole Act also added section 9.1 to that act. The added section authorizes conditional release of prisoners on parole shortly before they have completed their sentences, and the intention that it should operate retrospectively is plainly expressed: "On or after September 1, 1961, any person sentenced to or serving a sentence in the Illinois State Penitentiary * * *." (Ill. Rev. Stat. 1961, chap. 38, par. 810a.) A similar provision could readily have been included in the amendment before us if retrospective operation had been intended, and in the absence of such a provision I would hold that prospective operation only was intended.

Mr. Justice Hershey concurs in this dissent.