(No. 48444.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. EMMANUEL WILLIAMS, Appellee.—(The Illinois Department of Corrections *et al.*, Appellants.)

*Opinion filed March 23, 1977.*

Jeffrey C. Doane, Joseph Moscov, Joseph Cotugno, and Frederique Hartog-Rapp, all of Chicago, for appellants.

Richard Steck, Assistant Appellate Defender, Office of State Appellate Defender, of Chicago, for appellee Emmanuel Williams.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Paul Benjamin Linton, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

This case presents the question whether certain provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1001—1—1 *et seq.*) which establish parole eligibility for juvenile offenders and authorize the Department of Corrections to release prisoners under furlough, work release, day release and authorized absence programs unconstitutionally infringe upon the judiciary's power to impose sentences in criminal cases.

The defendant, Emmanuel Williams, age 16, was tried as an adult in a bench trial in the circuit court of Cook County on indictments charging him with three counts of attempted murder and one count of aggravated battery. The court found him guilty on one count of attempted murder and sentenced him to the Department of

Corrections for a term of 5 to 10 years and 5 years' parole. In its sentencing order, the trial court declared the following sections of the Unified Code of Corrections unconstitutional and in violation of sections 1 and 9 of article VI of the 1970 Constitution of Illinois: section 3—3—3(b) pertaining to parole eligibility of juvenile offenders (Ill. Rev. Stat. 1975, ch. 38, par. 1003—3—3(b)); section 3—11—1 authorizing furlough of prisoners (Ill. Rev. Stat. 1975, ch. 38, par. 1003—11—1); and sections 3—13—1 and 3—13—2 dealing with work and day release programs for inmates (Ill. Rev. Stat. 1975, ch. 38, pars. 1003—13—1, 1003—13—2). The court held that those sections contradicted the sentence imposed by the court and constituted "an improper delegation of Judicial Power and Jurisdiction over committed persons under sentence to the Department of Corrections of the State of Illinois in felony cases ***." The court enjoined the exercise of any parole authority with respect to the defendant and further enjoined the exercise of any powers and responsibilities contained in the furlough, work release and day release provisions as to the defendant or any other persons committed to the Department "without first procuring an order and the consent of the sentencing Judge in any case, or of any Circuit Court Judge having jurisdiction over the subject matter of felony criminal cases in Cook County, and the respective Circuits in the State of Illinois ***." The Department of Corrections and its director were granted leave to intervene and moved to vacate that portion of the sentencing order relative to the above-cited provisions. The trial court denied the motion and expanded its sentencing order by also declaring unconstitutional sections 3—9—3 relating to day release programs (Ill. Rev. Stat. 1975, ch. 38, par. 1003—9—3) and section 3—9—4 establishing authorized absence programs for persons committed to the Juvenile Division (Ill. Rev. Stat. 1975, ch. 38, par. 1003—9—4). The court further enjoined the exercise of any powers and authorities

granted by those provisions "without the permission of the committing court ***." The Department of Corrections and its director appealed directly to this court pursuant to Supreme Court Rule 603 (58 Ill. 2d R. 603), and we stayed the injunctive portions of the trial court's order pending the appeal.

The particular sections of the Unified Code of Corrections held unconstitutional by the trial court are each concerned with the manner of confinement and rehabilitation of persons committed to the Department of Corrections. Section 3—3—3(b) provides as follows:

> "Every person committed to the Juvenile Division under Section 5—10 of the Juvenile Court Act or Section 5—8—6 of this Code and confined in the State correctional institutions or facilities shall be eligible for parole without regard to the length of time the person has been confined or whether the person has served any minimum term imposed." (Ill. Rev. Stat. 1975, ch. 38, par. 1003—3—3(b).)

This provision, by creating parole eligibility for juvenile offenders without regard to length of confinement or service of minimum term, differs from the rule applicable to other prisoners contained in preceding section 3—3—3(a), which establishes eligibility for parole only after service of a minimum term as described therein (Ill. Rev. Stat. 1975, ch. 38, par. 1003—3—3(a)). Section 3—9—3 provides for day release programs for persons committed to the Juvenile Division. Under that section, the Department is authorized to arrange for the release of persons on a daily basis to the custody of local schools, public or private agencies or persons approved by the Department for participation in programs and activities. Pursuant to section 3—9—4, the Department is authorized to "extend the limits of the place of confinement of a person committed to the Juvenile Division" so that such persons may leave on authorized absence for approved purposes for a period of time determined by the Department. Section 3—11—1 provides that the Department may

extend the limits of the place of confinement of a committed person by permitting him to leave such place on a furlough under prescribed conditions. Furloughs may be granted for a period of time not to exceed 14 days for specified purposes as set forth in that section or may be granted for any period of time under paragraph 15 of section 55a of the Civil Administrative Code of Illinois (Ill. Rev. Stat. 1975, ch. 127, par. 55a). Section 3—13—1 provides that the Department shall establish and maintain work and day release facilities for persons committed to the Department and not placed on parole. It is provided in section 3—13—2 that the Department may allow a committed person to leave an institution or facility during reasonable hours for specified purposes in instances where such release would assist the individual's rehabilitation and would not cause undue risk to the public.

The trial court found the foregoing provisions to be in violation of sections 1 and 9 of article VI of the 1970 Constitution of Illinois, which vest judicial power in the courts and provide for original jurisdiction of the circuit courts. Section 1 of article VI provides:

> "The judicial power is vested in a Supreme Court, an Appellate Court and Circuit Courts."

Section 9 of article VI states:

> "Circuit Courts shall have original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction relating to redistricting of the General Assembly and to the ability of the Governor to serve or resume office. Circuit Courts shall have such power to review administrative action as provided by law."

The parties here have focused their primary attention on the parole provisions of section 3—3—3(b). The People argue that the power to impose a sentence of punishment in criminal cases is a purely judicial function. (*People v. Montana* (1942), 380 Ill. 596; *People v. Bruner* (1931), 343 Ill. 146.) They contend that section 3—3—3(b), which makes a juvenile tried as an adult eligible for parole

consideration immediately upon execution of the sentence, without regard to the length of time he has been confined or whether he has served any minimum term, is unconstitutional because it renders meaningless the court's imposition of a minimum term and therefore unreasonably interferes with the trial court's sentence. They point out that in this case, the defendant, who was convicted of attempted murder and sentenced to serve a 5- to 10-year term, could be considered for parole the same day he was sentenced, even though he had served neither the court-imposed minimum sentence of 5 years nor the 4-year minimum sentence specified by law for the crime in question. (Ill. Rev. Stat. 1975, ch. 38, pars. 8—4(c)(1), 1005—8—1(b)(2).) They argue further that the statutory provisions relative to furlough, work release, day release, and authorized absence of prisoners have the same effect of undermining the sentence imposed by the trial judge. The Department, on the other hand, argues that the parole, release and authorized absence provisions here in question have traditionally been recognized as a proper exercise of the legislature's inherent authority to regulate the management of prisons and the rehabilitation of persons committed to the Department of Corrections. They contend that rather than constituting an unconstitutional infringement of the judiciary's power of sentencing, the trial court's order in this case requiring the prior consent of the sentencing judge on parole and related matters constitutes an invalid usurpation of a purely legislative function.

These questions have been resolved in large part by prior decisions of this court. It is well settled in this State that the legislature has the power to prohibit particular acts as crimes, fix the punishment for the commission of such crimes and determine the manner of executing such punishment. (*People ex rel. Kubala v. Kinney* (1962), 25 Ill. 2d 491; *People v. Burnett* (1946), 394 Ill. 420; *People v. Joyce* (1910), 246 Ill. 124.) Although it is within the inherent power of the judiciary to impose sentences in

criminal cases within the limits established by legislative act, it has been consistently held that the matter of parole following the imposition of sentence· is not a judicial function but purely a legislative one. (*People v. Fowler* (1958), 14 Ill. 2d 252; *People v. Burnett* (1946), 394 Ill. 420; *People v. Rucker* (1936), 364 Ill. 371.) In *People ex rel. Kubala v. Kinney* (1962), 25 Ill. 2d 491, 493, this court observed that the legislature "has the exclusive power to provide a penological system, (*People ex rel. Latimer v. Randolph,* 13 Ill. 2d 552,) and to establish rules and regulations for the government and discipline of the inmates. (*George v. People,* 167 Ill. 447.) This court has held that allowing an inmate to go outside of the prison on parole falls within the legislature's power relating to prison government and discipline, (*People v. Dixon,* 440 Ill. 449; *People v. Joyce,* 246 Ill. 124; *People v. Pace,* 362 Ill. 224; *George v. People*, 167 Ill. 447) \*\*\*." The Unified Code of Corrections does not provide for sentences of confinement to a penitentiary, but rather prescribes that a court may impose a sentence of commitment to the Department of Corrections. After the imposition of such a sentence, it remains primarily within the purview of the Department of Corrections to execute the sentence in accordance with the laws enacted by the legislature regarding the management, care and rehabilitation of persons committed to the Department. The decisions recognize that, in a legal sense, parole does not diminish a judicially imposed sentence or in any way affect it. (*People ex rel. Abner v. Kinney* (1964), 30 Ill. 2d 201; *People ex rel. Kubala v. Kinney* (1962), 25 Ill. 2d 491; *People v. Mikula* (1934), 357 Ill. 481; *People v. Joyce* (1910), 246 Ill. 124.) A person on parole remains subject to the sentence of commitment to the Department of Corrections for the period of time specified by the court. Parole alters only the method and degree of confinement during the period of commitment.

The People correctly observe that the above-cited cases did not specifically deal with the question of parole prior to service of any part of a minimum sentence

imposed by the court. However, the holdings of those cases as to the legislative function in parole matters and the conclusions reached with respect to the legal effect of parole on judicially imposed sentences clearly indicate that the time of parole, whether before or after service of a minimum sentence, is not a significant factor in the determination whether parole constitutes an invalid usurpation of the inherent judicial power to impose sentences. In our opinion, those decisions are dispositive of the questions raised in this case, and we accordingly hold that the trial court erred in declaring that section 3—3—3(b) of the Unified Code of Corrections contravenes sections 1 and 9 of article VI of the 1970 Constitution of Illinois.

Constitutional considerations aside, the practical effect of the trial court's order in this case would be to make the judiciary the overseer of all parole, furlough, day release, work release and authorized absence matters, all of which are concerned with the administration of the State's prisons and correctional system. These functions constitutionally may be, and historically have been, left to other departments of government. *Meachum v. Fano* (1976), 427 U.S. 215, 49 L. Ed. 2d 451, 96 S. Ct. 2532; *In re Washington* (1976), 65 Ill. 2d 391.

As we have noted earlier in this opinion, section 3—3—3(b) treats juvenile offenders differently than other prisoners to the extent that juveniles are not required to serve a minimum sentence before they become eligible for parole consideration. We cannot say that this constitutes an unreasonable classification. (*People v. Fowler* (1958), 14 Ill. 2d 252; *People v. Nowak* (1944), 387 Ill. 11; *People v. Mikula* (1934), 357 Ill. 481.) Furthermore, it is not for us to determine the wisdom of the legislative plan for parole of prisoners committed to the Department of Corrections. Our review is limited to the question of whether the statutory provisions in question impinge upon the constitutional powers and jurisdiction vested in the judiciary under our State constitution.

The People also urge that consideration should be

given to the effect of section 3—3—8(b) of the Unified Code of Corrections, which provides in pertinent part that "[t]he Parole and Pardon Board may enter an order releasing and discharging a parolee from parole and his commitment to the Department when it determines that he is likely to remain at liberty without committing another offense" (Ill. Rev. Stat. 1975, ch. 38, par. 1003—3—8(b)). It is argued that this section presents a substantial constitutional question insofar as it authorizes an absolute discharge from commitment prior to the time the minimum sentence imposed by the court has been served. (See *People ex rel. Scott v. Israel* (1977), 66 Ill. 2d 190.) However, this question is not properly before us for consideration on this appeal, since the constitutionality of section 3—3—8(b) was not passed upon by the trial court, nor was the exercise of the authority conferred by that section enjoined.

In view of the conclusions reached above with respect to parole, it follows that the provisions here in question pertaining to furlough, day release, work release and authorized absence do not constitute an invalid infringement upon judicial authority by the legislature. These matters clearly are even more directly concerned with the day-to-day internal management and operation of the prisons and correctional system than are the provisions relating to parole eligibility.

Accordingly, we reverse that portion of the trial court's sentencing order which declares unconstitutional sections 3—3—3(b), 3—9—3, 3—9—4, 3—11—1, 3—13—1 and 3—13—2 of the Unified Code of Corrections and enjoins the Department of Corrections and its director from exercising the powers specified therein. No other questions being raised, the balance of the judgment is affirmed. The cause is remanded to the trial court with directions to enter a revised sentencing order consistent with the views expressed in this opinion.

*Affirmed in part and reversed in part*
*and remanded, with directions.*