**UNITED STATES of America ex rel. John SHANNON, Sr., Petitioner,**

v.

**Paul J. KLINCAR, Chairman; Members of the Illinois Prisoner Review Board, Respondents.**

No. 87 C 4248.

United States District Court, N.D. Illinois, E.D.

Jan. 29, 1988.

Neil F. Hartigan, Atty. Gen. by Jack Donatelli, Asst. Atty. Gen., Chicago, Ill., for respondents.

John Shannon, pro se.

## ORDER

NORGLE, District Judge.

Before the court is a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner has filed a response to respondent's, Illinois Prisoner Review Board's ("Board"), answer and moved for judgment on the pleadings. *See* Fed.R.Civ.P. 12(c). For the following reasons, the habeas petition is denied.

Petitioner, John Shannon, is serving a 25–30 year prison term after being convicted of murder. He is currently eligible for parole and received parole hearings in 1985, 1986 and 1987. Petitioner asserts his parole denials violated the due process and/or equal protection clauses for a number of reasons: 1) the Board failed to allow him to review the State's Attorney's written protest which the Board considered in denying him parole in 1985; 2) the Board relied on the State's Attorney's written protest despite Shannon's assertion that it contained false information; 3) the Board ignored the information supplied by Shannon, and it has no provision for resolving disputed issues of fact; 4) the Board utilized the same reasons in 1986 for denying Shannon parole in 1985, and it has violated the prohibition of double jeopardy and imposed double punishment by relying on reasons in 1985 and 1986 that were used by the sentencing judge; and 5) the Board denied him parole without sufficient reasons and essential facts supporting those reasons.

### Constitutional Standard of Inmate Parole Review

The due process clause applies when government action deprives a person of liberty or property. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979). In determining whether a person possesses a

protectible right, the Supreme Court has held that:

> a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.

*Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The Court in *Greenholtz* held that there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. 442 U.S. at 7, 99 S.Ct. at 2104. There is no constitutional guarantee that all executive decisionmaking, especially decisions on whether to grant parole release, will be error-free. *Id.* A state may establish a parole system, but it has no duty to do so. *Id.* The decision to grant parole release differs from the traditional model of judicial decisionmaking. It "involves a synthesis of record facts and personal observation filtered through the experience of the decisionmaker and leading to a predictive judgment as to what is best both for the individual inmate and for the community." *Id.* at 8, 99 S.Ct. at 2104.

The Seventh Circuit has interpreted the holding of *Greenholtz* in relation to Illinois law. The Illinois parole statute and the Illinois Review Board rules provide an inmate with a legitimate expectation of parole, entitling him to some degree of constitutional protection. *Newbury v. Prisoner Review Bd.,* 791 F.2d 81, 84 (7th Cir.1986); *Heirens v. Mizell,* 729 F.2d 449, 466 (7th Cir.1984), *cert. denied,* 469 U.S. 842, 105 S.Ct. 147, 83 L.Ed.2d 85 (1984). These protections do not include all the constitutional protections due a criminal defendant at trial or even those due an individual on parole who faces a revocation of his parole. *Newbury,* 791 F.2d at 85. The Constitution does require that the Parole Board cite to facts upon which its reasons for denial of parole can be justified. *Heirens,* 729 F.2d at 467.

To satisfy the minimum due process requirements:

> a statement of reasons should be sufficient to enable a reviewing body to deter-

mine whether parole has been denied for an impermissible reason or for no reason at all. For this essential purpose, detailed findings of fact are not required, provided the Board's decision is based upon consideration of all relevant factors and it furnishes to the inmate both the grounds for the decision ... and the essential facts upon which the Board's inferences are based.

*United States ex rel. Scott v. Illinois Parole and Pardon Bd.,* 669 F.2d 1185, 1190 (7th Cir.1982), *cert. denied,* 459 U.S. 1048, 103 S.Ct. 468, 74 L.Ed.2d 617 (1982) (quoting *United States ex rel. Johnson v. Chairman of New York State Bd. of Parole,* 500 F.2d 925, 934 (2d Cir.1974), *vacated as moot,* 419 U.S. 1015, 95 S.Ct. 488, 42 L.Ed.2d 289 (1974)). The Illinois Code of Corrections provides three bases for denying parole:

> (c) the Board shall not parole a person eligible for parole if it determines that:
> (1) there is a substantial risk that he will not conform to reasonable conditions of parole; or
> (2) his release at that time would deprecate the seriousness of his offense or promote disrespect for the law; or
> (3) his release would have a substantial adverse effect on institutional discipline.

Ill.Rev.Stat. ch. 38 § 1003–3–5(c) (1985). Parole must be granted where none of the statutory reasons for denial is found to exist. *Scott,* 669 F.2d at 1188–89. The court in *Scott* indicated that the Board must consider the specific conduct of the inmate in the articulation of its reasons for denial, and not merely reiterate the statutory offense for which he had been found criminally liable. *Id.* at 1191. The Board need not "provide a summary of evidence" to support its decision. *Heirens,* 729 F.2d at 468; *Greenholtz,* 442 U.S. at 15–16, 99 S.Ct. at 2108.

Moreover, the information which the Board is permitted to consider in its determination is broad. *Walker v. Prisoner Review Bd.,* 769 F.2d 396, 400 (7th Cir.1985), *cert. denied,* 474 U.S. 1065, 106 S.Ct. 817, 88 L.Ed.2d 791 (1986). The Board may

consider even materials that have not been proved reliable (i.e. they need not be tested in an adversarial proceeding). *Id.* at 400–01. Under Illinois law, the inmate must be allowed access to the materials used in making the parole determination and be afforded an opportunity to respond to the information which the Board considers. *Id.* at 401. This procedure satisfies the due process clause by providing a safeguard against serious risks of error. *Id.; see also Greenholtz,* 442 U.S. at 15, 99 S.Ct. at 2108.

Finally, under Illinois law the Board need not resolve any factual disputes under a preponderance of the evidence standard. *Walker,* 769 F.2d at 401. Such a "deficiency" does not result in a violation of due process. *Id.*

### Petitioner's Claims

■ Shannon first asserts that he was denied access to the State's Attorney's protest letter which the Board considered in denying him parole in 1985. As discussed above, an inmate has a constitutional right under Illinois law to review his file in anticipation of his parole hearing. The protest letter at issue here did not arrive until November 1, 1985, *after* Shannon had reviewed his file. Under the Board's own rules, it arguably had a duty to disclose this letter to Shannon at the time of the interview. *See Walker v. Prisoner Review Bd.,* 694 F.2d 499, 503 (7th Cir.1982). The Board did not do so. However, the letter was included in petitioner's file and was available for his review prior to his September, 1986 parole hearing. Petitioner may have been denied due process under Illinois law in 1985; however, any denial was then cured in 1986 by petitioner having access to the protest letter. Petitioner here is seeking habeas relief. The court cannot release petitioner from custody under a federal habeas petition when during the course of petitioner's parole hearings he was adequately afforded his due process rights and still denied parole. Another possible remedy available to plaintiff under this habeas petition would be an order requiring the Board to conduct another parole hearing and to allow petitioner access to the protest letter in advance of the hearing. But petitioner has already been given this opportunity. In other words, the court cannot remedy the 1985 denial of due process under the present habeas petition. This is not a suit for damages under a denial of due process theory. Even if petitioner were seeking damages, the Board and its members would be immune because this was official action taken in the course of processing the inmate's application. *See Walker,* 769 F.2d at 397–99. Accordingly, petitioner's first argument is without merit.

■ Petitioner also argues that the Board relied on the information in the State's Attorney's protest letters even though petitioner had asserted the contents of letters were false. He contends the Board ignored his own information, and that it has no mechanism for resolving disputed issues of fact. The court has examined the protest letters and finds the "sheer senselessness" of the act committed by Shannon is borne out in the appellate record, and the factual description of the shooting given in the protest letters agrees with the facts as related in the appellate opinion. Moreover, as discussed in *Greenholtz,* the Board's determination processes are not adversarial in nature. They involve an analysis of such factors as psychological evaluations, the particular facts of the case, and practical experience, in predicting future behavior. *Greenholtz,* 442 U.S. at 13, 99 S.Ct. at 2107. The Board is not required under due process to resolve disputed facts under a preponderance standard. *Walker,* 769 F.2d at 401. The Board is given broad discretion in weighing the "evidence," and this system does not guarantee error-free decisionmaking. *Id.* A review of the Board's September, 1986 written rationale affirmatively demonstrates that it did consider Shannon's letter in response to the protest letter. However, the Board has no constitutional duty under *Greenholtz* and *Walker* to implement a system for resolving disputed issues of fact.

■ Additionally, the Board may use the same reasons for denying parole that were used during previous hearings. Due process does not require that different reasons be given each time an inmate is denied parole. Again, *Heirens* and *Scott* require only sufficient reasons for the denial and the essential facts supporting those reasons.

Petitioner's equal protection arguments are also meritless. Equal protection is the right of an individual or group to be free from purposeful discrimination in statutory classifications or other governmental activity. *See Harris v. McRae,* 448 U.S. 297, 322, 100 S.Ct. 2671, 2691, 65 L.Ed.2d 784 (1980). Given the subjective decisionmaking processes and the broad discretion afforded the Board, petitioner has a monumental burden in attempting to prove purposeful discrimination. Petitioner has presented no evidence of purposeful discrimination, or of any unequal treatment, by the Board.

Petitioner's double jeopardy argument does not apply in this case. The rationale of double jeopardy is to be free from multiple punishments for the same offense. *Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980). Here, petitioner was sentenced to 25–30 years for murder. This constitutes just one punishment. A person on parole remains subject to his sentence for commitment; parole only alters the method and degree of confinement during the period of commitment. *People v. Williams,* 66 Ill.2d 179, 187, 5 Ill.Dec. 582, 361 N.E.2d 1110, 1114 (1977). Thus, denial of parole does not create double punishment.

■ Finally, the court must examine the sufficiency of the reasons given for denying Shannon parole and the facts supporting those reasons. After the 1985, 1986, and 1987 parole hearings, the Board issued rationales which stated its reasons for denying Shannon parole. There is no question that the reasons given comport with the statutory language for denying parole in Illinois. Thus, the court need only address the facts given by the Board in support of those reasons. The Board, in 1985, stated that: 1) the crime was particularly heinous and without provocation; 2) Shannon denied guilt; 3) the State's Attorney objected to the parole; and 4) Shannon had several previous minor charges dating back to the 1960's. The court finds these facts, given to support a denial of parole, are sufficient under *Heirens* and *Scott* to afford petitioner due process. The rationale was more than a reiteration of the crimes for which Shannon was convicted. The Board, in its 1986 rationale, addressed the nature and conduct of the offense for which Shannon was convicted, briefly made reference to the details of the offense as outlined in the first denial of parole, indicated that the State's Attorney's protest letter was just one of the factors considered in determining conditional release on parole, and stated that a face-to-face conference with Shannon was another factor in its determination. These facts again satisfy the standard established in *Heirens* and *Scott.* Finally, in 1987, the Board went beyond the requirements of *Heirens* and *Scott* by providing a "summary of the evidence." Therefore, the reasons given for denying Shannon's parole in each of the Board's rationales, as well as the facts supporting those reasons, satisfy the due process clause.

Accordingly, for the reasons stated above, the present petition for writ of habeas corpus is denied and this action is dismissed. All other pending motions are stricken.

IT IS SO ORDERED.