172 Ill. App.3d 14 (1988)
525 N.E.2d 1193
In re N.R., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
Lynn Ralston, Respondent-Appellant).
No. 4-87-0804.
Illinois Appellate Court  Fourth District.
Opinion filed June 30, 1988.
*15 Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.
Donald D. Bernardi, State's Attorney, of Pontiac (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.
Affirmed in part, and reversed in part and remanded.
JUSTICE LUND delivered the opinion of the court:
On May 28, 1987, respondent Lynn Ralston was found in contempt of court in the circuit court of Livingston County for harassing the trial judge in a juvenile court proceeding and was placed on six months' probation. On October 30, 1987, her probation was revoked, and she was sentenced to 26 days in the county jail. The court ordered that she was not to receive any good-time allowance during those 26 days. Defendant appeals this denial of her good-time allowance.
 1 Defendant did not receive an appeal bond, and has, thus, served her sentence. Normally, this would require a finding that these proceedings are moot. An exception to this rule has been created where the circumstances are likely to recur; there is a desirability for an authoritative determination for the future guidance of public officers; and the short duration of the action involved has rendered the matter nugatory before the issue can be reviewed by a higher court. (People ex rel. Wallace v. Labrenz (1952), 411 Ill. 618, 622-23, 104 N.E.2d 769, 772, cert. denied (1952), 344 U.S. 824, 97 L.Ed. 642, 73 S.Ct. 24.) It is apparent this question of good time for county jail sentences is likely to recur frequently, and it would assist the administration of the court system if this question is addressed.
 2, 3 The allowance of good time for defendants sentenced to county jails is set forth in the County Jail Good Behavior Allowance Act (Act) (Ill. Rev. Stat. 1985, ch. 75, par. 32). This provides that any person sentenced to a county jail shall be entitled to a good-time allowance, *16 and only the warden can revoke it. It is well settled that the legislature has the power to prohibit particular acts as crimes, fix the punishment for the commission of such crimes, and determine the manner in executing such punishment. (People v. Williams (1977), 66 Ill.2d 179, 186, 361 N.E.2d 1110, 1114.) The legislature has exclusive power to provide a penological system and to establish rules and regulations for the government and discipline of inmates. Williams, 66 Ill.2d at 187, 361 N.E.2d at 1114.
 4 It is clear in enacting this Act, the legislature mandated that all persons sentenced to a county jail receive a good-time allowance, subject only to being revoked by the warden as permitted by statute. The courts have no authority to interfere with the allowance, and the court's attempt in this case to do so is impermissible.
Accordingly, we are directing this cause be remanded to allow the circuit court to amend the sentencing order insofar as respondent was denied credit for good time.
Affirmed in part; reversed in part and remanded.
GREEN, P.J., and SPITZ, J., concur.