922 F.2d 843
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Enrique PARDO, Petitioner-Appellant,
v.
Howard A. PETERS and Neil F. Hartigan, Respondents-Appellees.
 No. 90-2021.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 19, 1990.*
Decided Jan. 7, 1991.
 
 Before CUDAHY, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Enrique Pardo appeals the dismissal of his habeas corpus petition. In his petition Pardo claimed that the Illinois Prisoner Review Board (PRB) violated his right to due process of the law when denying him parole in 1985, 1986 and 1987. Pardo claims that the PRB violated his rights by failing to provide adequate rationale for his parole denials. He also complains that the PRB unconstitutionally used false information against him based upon documentation to which he was denied access.
 
 
 2
 On February 7, 1977, while Pardo was released on a two day furlough from the Metropolitan Correctional Center in Chicago,[1] he and two others forcibly entered an apartment. The apartment was burglarized, and two occupants were shot in the back of the head, "execution style." One victim died, and the other victim was seriously wounded. Following a jury trial, Pardo was convicted of murder, attempt murder and armed robbery. On April 10, 1978, Pardo was sentenced to 75 to 150 years for murder, to run concurrently with sentences of 35 to 75 years for attempted murder and 4 to 10 years for armed robbery.
 
 A. The PRB's Rationale
 
 3
 Pardo first claims that the PRB provided a constitutionally insufficient explanation for the decision to deny parole. Pardo correctly states that the applicable Illinois statutes create a liberty interest in parole. Scott v. Illinois Parole and Pardon Board, 669 F.2d 1185 (7th Cir.1982), cert. denied, 459 U.S. 1048, 103 S.Ct. 468 (1982). We explained in Scott that parole hearings are governed by minimal due process which requires the PRB to provide an inmate with an explanation when parole is denied. The severity of the offense can be a reason for denial of parole. However, a parole board must consider "the inmate's specific conduct, not just the statutory offense for which he had been found criminally liable." Scott, 669 F.2d at 1191. See also Heirens v. Mizell, 729 F.2d 449 (7th Cir.1984), cert. denied, 469 U.S. 842, 105 S.Ct. 147 (1984).
 
 
 4
 A review of the PRB's rationale convinces us that there was no due process violation under Scott. Each time parole was denied, the PRB looked to the specific facts of the crimes which led to Pardo's convictions. The PRB also emphasized that Pardo was on furlough when these offenses took place. The PRB provided Pardo with a constitutionally adequate explanation of the decision to deny parole.
 
 
 5
 B. Erroneous Information And Access To Files
 
 
 6
 Petitioner Pardo also contends that his due process rights were violated because the PRB relied on erroneous information and denied him access to this information prior to his parole hearings. The information that Pardo challenges concerns the permanency of injury to one of the victims. The alleged source of this information is an "official statement of facts" prepared by the state's attorney for co-defendant Pablo DeJesus.[2] Pardo maintains that his due process rights were violated because the parole board relied on this information without notifying him, and therefore, he was unable to respond to and contest the accuracy of the statement. Pardo challenges the use of this information at all three parole hearings in question.
 
 
 7
 This circuit recognized that Illinois law mandates that all parole candidates "shall have access to all documents which the Board considered in denying parole." Walker v. Prisoner Review Board, 694 F.2d 499, 503 (7th Cir.1982). This right to reasonable access is protected by the due process clause. Id. at 503.[3]
 
 
 8
 In response to Pardo's claim that he was denied access to this information, the respondents argue that there is no due process violation because Pardo has gained access to the allegedly erroneous information. Respondents cite Shannon v. Klincar, 678 F.Supp. 198 (N.D.Ill.1988), to support their proposition that Pardo's due process rights were not violated. In Shannon, the petitioner complained that his rights were violated when he was denied access to information used in his parole hearing. The court suggested that any violation was cured because one year later the parole board conducted another hearing in which the petitioner had access to the contested information. Unlike the scenario in Shannon, we are unable to ascertain from the record whether Pardo has had subsequent hearings in which he had access to disputed the information contained in his parole file. If Pardo has had subsequent parole hearings, this issue is moot.
 
 
 9
 Had the parole board provided Pardo with access to all the information it used when deciding to deny parole, the rationale provided by the parole board would have been constitutionally sufficient under Scott. Assuming that the board denied him access to some of the adverse information, Pardo's due process rights have been violated.[4] However, it appears that Pardo now has access to this information. Therefore, if he has been afforded subsequent parole hearings, the issue is moot in accord with Shannon.
 
 
 10
 The decision of the district court is AFFIRMED, in part, REVERSED and REMANDED, in part. The district court is instructed on remand to determine whether Pardo has been given subsequent parole hearings in which he had access to this disputed information; thereby, rendering this suit moot.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Pardo was serving a six year sentence for armed robbery
 
 
 [2]
 This document was prepared during the prosecution of all three defendants, presumably in 1977 or early 1978. A different statement was prepared specifically for Pardo
 
 
 [3]
 This court has stated that when the undisclosed information is not considered by a parole board, due process is not violated. Walker v. Prisoner Review Board, 769 F.2d 396, 399 (7th Cir.1985). However, if the parole board considers contested material that was not previously given to prisoner, we will not uphold the board's finding even if there are other legitimate grounds to support the decision. Phillips v. Brennan, 912 F.2d 189 (7th Cir.1990). From the record it is clear that in each hearing, the parole board relied, at least in part, upon the fact that one victim was permanently disabled
 
 
 [4]
 We are unable to determine from the record whether Pardo was indeed denied access to this information