**UNITED STATES of America ex rel. Ulysses HENDERSON**

v.

**COMMONWEALTH OF PENNSYLVANIA, Pennsylvania Board of Parole and James F. Maroney, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania 15233.**

Civ. A. No. 68–377.

United States District Court
W. D. Pennsylvania.
June 13, 1968.

## OPINION

ROSENBERG, District Judge:

The petitioner, Ulysses Henderson, presents a petition for a writ of habeas corpus. In his petition he alleges that he is incarcerated in the State Correctional Institution at Pittsburgh, Pennsylvania; that he was sentenced (#62 Oyer and Terminer, February Term, 1950, Court of Common Pleas, Allegheny County) to 4–10 years of imprisonment, effective January 10, 1950; that on July 22, 1954, after serving 4½ years, he was paroled; that on May 28, 1956, the petitioner was convicted on a charge in the Court of Oyer and Terminer (#59 January Term, 1956 and sentenced to 1½ to 10 years; that he returned to the State Correctional Institution at Pittsburgh serving the latter term, with the earlier held in abeyance; that after serving 2 years, 5 months, on the second sentence, he was granted "constructive parole" on the second sentence; that on June 9, 1958, he commenced to serve the unexpired 5½ years of the first sentence; and that on October 31, 1961, after serving 4 years and almost 5 months of the unexpired term, he was released on parole. Thus, computations of unexpired time as of October 31, 1961 is: first sentence, two years, one month (less four days); and second sentence, seven years, six months, twenty-five days.

The petitioner does not state why he is presently confined, but records of this Court on a prior petition for habeas cor-

pus (Civil Action 67–1273) indicate that he is serving a sentence of five-ten years for burglary, larceny and receiving stolen goods, imposed on December 17, 1965 by the Court of Oyer and Terminer, Washington County, Pennsylvaina (No. 1 November 1965).

An application was filed under the Post Conviction Hearing Act (No. 554, January 1966), and on November 1, 1966, it was dismissed by the Court of Oyer and Terminer of Allegheny County, Pennsylvania. The Superior Court affirmed on appeal (December 9, 1967) and an application for allocatur to the Supreme Court was denied on February 5, 1968.

The petitioner contends that he was deprived of due process and equal protection of the laws under the Fourteenth Amendment in that he was not given credit for the time spent in prison on "constructive parole" from the first sentence while serving the second sentence. His argument is, simply, that when he was placed on "constructive" parole from one sentence on June 9, 1958, and immediately commenced serving another, the effect was to make the sentences concurrent so that, for the purposes of recomputation of maximum sentences by the Parole Board upon recommitment for the third sentence, he must be given credit for the time on both prior sentences while actually in prison and not at liberty. The law of the Commonwealth and decision thereunder do not support the petitioner.

 The parole, actual or constructive, of a state prisoner does not serve to terminate his sentence. In Pennsylvania parole procedures are provided for by the Board of Parole Act of August 6, 1941, P.L. 861; 61 P.S. § 331.1 et seq., Penal Institutions. Release from service of a prison term is not a matter of right nor does it absolve the parolee from the obligation to serve a prior sentence. It is merely a conditional release. Commonwealth

ex rel. Rawlings v. Botula, 260 F.Supp. 298 (W.D.Pa., 1966). If the parolee is recommitted as a convicted parole violator he shall, in the words of the statute, " * * * be re-entered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole * * * "

 The provision of the Parole Law which prohibits giving a convicted parole violator credit for the time "at liberty on parole" means liberty from confinement on the particular sentence for which the petitioner is being re-entered and does not mean liberty from all confinement. Commonwealth ex rel. Jones v. Rundle, 33 Pa.Dist. & Co.2d 9, 81 Dauph. 201 (1964, aff'd 413 Pa. 456, 199 A.2d 135; Commonwealth ex rel. Haun v. Cavell, 190 Pa.Super. 346, 154 A.2d 257 (1959), cert. den. 363 U.S. 855, 80 S.Ct. 1618, 4 L.Ed.2d 1737, reh. den. 364 U.S. 857, 81 S.Ct. 36, 5 L.Ed.2d 81; Commonwealth ex rel. Dalton v. Myers, 71 Dauph. 145 (1958); Money v. Pennsylvania Board of Parole, 68 Dauph. 238 (1956).

The Board of Parole Act of 1941 (61 P.S. § 331.1 et seq.) and the earlier Act (61 P.S. § 305) which it replaces and which also provided for the recommitment of a parolee upon conviction of a crime during parole and required the parolee to serve the unexpired portion of his original sentence, has been upheld in a number of constitutional challenges. United States ex rel. Kloiber v. Myers, 237 F.Supp. 682 (D.C.Pa., 1965); Kunkle v. Claudy, 112 F.Supp. 598 (D.C.Pa., 1953); Commonwealth ex rel. Banks v. Cain, 345 Pa. 581, 28 A.2d 897, 143 A. L.R. 1473 (1943); Commonwealth ex rel. Harman v. Burke, 171 Pa.Super. 547, 91 A.2d 385 (1952).

For all of these reasons the petition for a writ of habeas corpus will be denied. Because there is no reason for the issuance of a certificate of probable cause, I will deny the same.