**UNITED STATES of America ex rel.
William BROWN**

v.

**PENNSYLVANIA BOARD OF PAROLE.**

Misc. 69–395.

United States District Court,
E. D. Pennsylvania.

Jan. 30, 1970.

William Brown, pro se.

William Sennett, Harrisburg, Pa., for Parole Board.

David Richman, for Phila. Dist. Atty.

## MEMORANDUM AND ORDER

MASTERSON, District Judge.

■ In this habeas corpus petition, relator challenges the constitutionality of the Pennsylvania Statute authorizing the Pennsylvania Parole Board to recommit parolees who are convicted of crimes for the balance of their unexpired sentence without giving them credit for "street" time while on parole. 61 P.S. § 331.21a(a).

■ Although relator has not raised this issue before the state courts and thus has not exhausted state remedies, since the state law on this question is well-settled, Commonwealth ex rel. Thomas v. Myers, 419 Pa. 577, 215 A.2d 617 (1966), we have decided to entertain this petition on its merits. See Sokol, Federal Habeas Corpus § 23 at 174–175 (2d Ed. 1969).

Relator's petition for habeas corpus must be denied. The Pennsylvania statute which relator challenges has withstood constitutional attack in numerous cases. See United States ex rel. Heacock v. Myers, 251 F.Supp. 773 (E.D. Pa.), aff'd per curiam, 367 F.2d 583 (3d Cir. 1966), cert. denied, 386 U.S. 925, 87 S.Ct. 900, 17 L.Ed.2d 797 (1967); United States ex rel. Henderson v. Commonwealth of Pennsylvania, 287 F.Supp. 372 (W.D.Pa.1968); United States ex rel. Kloiber v. Myers, 237 F.Supp. 682 (E.D.Pa.1965). We agree with these cases.

■ Relator also argues that he was denied his constitutional right to counsel at his recommitment hearing. As to this issue the state law in light of Commonwealth v. Tinson, 433 Pa. 328, 249 A.2d 549 (1969), is not so clear. Hence, as to this issue, relator's petition is denied for failure to exhaust state remedies.