(No. 42200.—

THE PEOPLE *ex rel.* James Jones, Appellant, *vs.* ELZA BRANTLEY, Warden, Appellee.

*Opinion filed May 20, 1970.*

James Jones, *pro se.*

William J. Scott, Attorney General, of Springfield, and Don P. Koeneman, State's Attorney, of Chester, (Fred G. Leach, Assistant Attorney General, of counsel,) for appellee.

Mr. Justice Culbertson delivered the opinion of the court:

On April 7, 1969, James Jones, an inmate of Menard Penitentiary, filed a petition for a writ of *habeas corpus* in the circuit court of Randolph County, directed to the warden, wherein he claimed to be entitled to release from custody. The petition was dismissed on the ground that it was insufficient in law and Jones has appealed.

In substance, the petition alleges that petitioner is presently serving two concurrent sentences, one being for a term of 3 to 15 years and the other for 3 to 12 years. Just when he was committed under the first does not appear, but an exhibit to the petition indicates that the second sentence did not begin until October 28, 1965, approximately three and one-half years before the petition was filed. Other al-

legations and exhibits reflect that petitioner's application for parole was considered by the Parole and Pardon Board in March, 1968, at which time parole was denied and the matter continued to March, 1969. Parole was again denied in March, 1969, and the matter continued to March, 1970. Thereafter, it is alleged that petitioner has "served the maximum time on the twelve year sentence," and that the effect of the last continuance by the Board was to extend his sentence for an additional year. It is also alleged that the Board's practice of continuing a parole application for a year after denial is in violation of a rule of law fixed by this court that such a continuation may not exceed nine months, and that such wrongful conduct on the part of the Board entitles him to discharge.

Dismissal by the trial court was completely proper. The petition shows on its face that the maximum of the 3 to 12 years sentence commencing October 28, 1965, could not have been served as alleged, and the continuance of his application for parole from March, 1969, to March, 1970, could not have had the effect of extending his sentence as he claims. We suspect that petitioner intended to allege that he had served the "minimum" of three years in respect to both of his sentences, and that the effect of the Board's action was to extend these minimums. But even if we indulge in those most liberal of constructions, petitioner would not be entitled to discharge. The applicable statute does indeed provide that one confined to the penitentiary shall be eligible for parole when he has served "(2) The minimum term of an indeterminate sentence less time credit for good behavior." (Ill. Rev. Stat. 1967, ch. 38, par. 123—2(a)(2).) And while it is mandatory for the Board to hear the application of one eligible for parole (*People ex rel. Abner* v. *Kinney*, 30 Ill.2d 201), as it has done in this case, this does not mean that parole is mandatory because the eligibility requirements are met. "An indeterminate sentence is for the full term fixed by law for the crime" (*People ex rel. Castle*

338

v. *Spivey,* 10 Ill.2d 586, 592), and inasmuch as parole is a matter of grace and executive clemency rather than a legal right, a prisoner cannot invoke it at his will and has no right to demand that he be discharged before the expiration of the maximum term of his sentence. (*People* v. *Nowak,* 387 Ill. 11; *People* v. *Thompson,* 381 Ill. 71.) It follows that the action of the Board in the instant case did not extend the petitioner's sentences, and that the petition failed to allege facts which would evoke judicial relief.

Nor is there merit to the contention that the Board acted improperly in causing the period of one year to intervene between reconsiderations of whether petitioner should be admitted to parole. Our statute empowers the Parole and Pardon Board to "make regulations not inconsistent with law governing the issuance, supervision and revocation of parole" (Ill. Rev. Stat. 1967, ch. 38, par. 123—1), and we deem it neither unreasonable nor arbitrary for the reconsideration of the parole of an individual to be made on an annual basis. We have no authority to make the rules by which the Board shall operate and petitioner's apparent belief to the contrary is mistaken.

The judgment of the circuit court of Randolph County is affirmed.

*Judgment affirmed.*