**Kenneth H. HICKS, Appellant,**

v.

**Louis S. NELSON, Warden, California State Prison, San Quentin, California, Appellee.**

No. 24841.

United States Court of Appeals, Ninth Circuit.

April 1, 1971.

Rehearing Denied May 14, 1971.

**990**

Kenneth Hicks, in pro. per.

Evelle J. Younger, Atty. Gen., Derald E. Granberg, Michael Krell, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before HAMLEY, HUFSTEDLER and TRASK, Circuit Judges.

PER CURIAM:

Hicks appeals from an order denying his habeas petition. He complains that the California Adult Authority improperly denied him credit on his state sentence for time served in federal custody.

Hicks pleaded guilty to a federal offense in 1957, when he was on parole from state prison. While on probation for the federal offense, he was arrested by state authorities on suspicion of burglary and for violation of his state parole. The burglary charges were dropped, but on the same day, June 23, 1958, his federal probation was revoked, and he was committed to federal custody. The state released Hicks to federal custody on July 18, 1958. The California Adult Authority suspended his state parole on July 31, 1958. Hicks served about a year and a half in federal custody, and he was again paroled. He failed on parole and was ultimately resentenced by the Adult Authority to life imprisonment on October 10, 1967. Hicks argues that if he had received credit against his initial state offense for the time he had spent in federal custody, he would have been discharged in July 1967, and therefore he could not have been resentenced to life imprisonment in October 1967.

The Adult Authority did not suspend his parole in 1958 until after his federal probation had been revoked and he had been ordered into federal custody. Under these circumstances, the California law is that Hicks was not entitled to credit for his time served in federal custody. (In re Yutze (1968) 69 Cal.2d 389, 71 Cal.Rptr. 673, 445 P.2d 289.)

No federal question is raised by California's application of its law to Hicks. (Sturm v. California Adult Authority (9th Cir. 1968) 395 F.2d 446, 448, cert. denied (1969) 395 U.S. 947, 89 S.Ct. 2021, 23 L.Ed.2d 466; see Eason v. Dickson (9th Cir.) 390 F.2d 585, 588–589, cert. denied (1968) 392 U.S. 914, 88 S.Ct. 2076, 20 L.Ed.2d 1373.)

The essential facts appear on the face of the state record. There was no error in refusing to hold an evidentiary hearing (Hernandez v. Schneckloth (9th Cir. 1970) 425 F.2d 89).

The order is affirmed.