Thomas C. **PERRY**, Plaintiff,

v.

Peter B. **BENSINGER** et al.,
Defendants.

No. 72 C 898.

United States District Court,
N. D. Illinois.

July 30, 1973.

Thomas Perry, pro se.

William J. Scott, Atty. Gen. of Ill.,
by James B. Zagel, Asst. Atty. Gen.,
Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants'
motion to dismiss the complaint.

This is an action for declaratory judg-
ment, injunctive relief and to redress al-
leged violations of constitutional rights
protected by 42 U.S.C. § 1983. This
Court is alleged to have jurisdiction pur-
suant to 28 U.S.C. §§ 2201 and 1343(3)
and (4).

The plaintiff is Thomas C. Perry, who
is presently confined in the California
State Prison, San Quentin, California,
and is also in violation of his parole
granted by the State of Illinois.

The defendants are Peter B. Bensing-
er, Director of the Illinois Department
of Corrections; W. F. Kauffman, Jr.,
Executive Secretary of the Illinois Pa-
role and Pardon Board; Theodore P.
Fields, Chairman of the Illinois Parole
and Pardon Board; and John J. Twomey,
Warden of the Illinois State Penitenti-
ary, Joliet, Illinois.

The plaintiff in his complaint alleges
the following facts, *inter alia*:

1. On January 10, 1964 plaintiff was
   arrested by the Chicago Police De-
   partment, and charged with the of-

fense of armed robbery. In the latter part of September, 1964, plaintiff entered a plea of guilty to the above mentioned charge and was sentenced to a term of not less than two nor more than eight years in the Illinois State Penitentiary, Joliet, Illinois. Plaintiff served three years, five months and twenty-six days before being paroled. Pursuant to a warrant lodged with prison officials, the plaintiff was surrendered to the authorities from the State of Wisconsin on July 7, 1967, and at that time plaintiff was taken to the City of Kenosha, Wisconsin to answer a charge of armed robbery. On July 27, 1967 plaintiff entered a plea of guilty to the Wisconsin charge and was sentenced to a term of not more than three years in the Wisconsin State Prison, Waupun, Wisconsin. After serving one year of the Wisconsin sentence plaintiff was granted a parole to be effective on July 30, 1968.

2. On October 29, 1968 plaintiff "violated" the conditions of his Wisconsin parole by leaving the State without permission. Plaintiff was arrested in the State of California on January 9, 1969, and at that time the State of Wisconsin immediately lodged its detainer with the California authorities. It was not until May 26, 1969 that the authorities of the State of Illinois filed their detainer against plaintiff. Under Illinois law an eight year sentence expires in five years and three months, barring loss of good time. The plaintiff claims that since he allegedly lost no good time his Illinois sentence would have expired on April 11, 1969.

3. The plaintiff claims that the above actions violated his civil rights guaranteed by the constitution in that:

a. The plaintiff's Illinois sentence expired, as a matter of law, on April 11, 1969 and the defendants did not file the Illinois warrant until May 26, 1969. Any extension of plaintiff's maximum release date by the defendants, in accordance with the circumstances described herein, constitute a denial of the equal protection of the laws guaranteed to citizens of the United States by the Fourteenth Amendment to the United States Constitution; a denial of due process of the law guaranteed to citizens of the United States by the Fifth and Fourteenth Amendments to the United States Constitution; the infliction of punishment both cruel and unusual in violation of the Eighth Amendment of the United States Constitution; and a deprivation of liberty without aid of counsel or court process in violation of the Sixth Amendment of the United States Constitution; and depriving plaintiff of his liberty guaranteed him by the First Amendment of the United States Constitution.

b. The State of Illinois is without jurisdiction over the plaintiff by reason of its surrender of the plaintiff to the State of Wisconsin. The State of Illinois' exercise of jurisdiction over plaintiff is unlawful and in violation of his constitutional rights.

c. Since the Illinois arrest warrant has been issued by the defendants against the plaintiff, he has been treated in a manner different than others in California State Prison. Plaintiff cannot receive a reduction in custody to Median B, which would allow him to have conjugal visits. The plaintiff is denied the purported privilege of living in the West-Block Honor Unit. The plaintiff cannot hold any job that would remove him from the confines of San Quentin. The plaintiff cannot have his custody reduced to minimum which

would allegedly allow him to take advantage of the many programs of prisoner rehabilitation furnished by the state of California.

The plaintiff requests this Court to enter an order granting a permanent injunction restraining and enjoining the defendants from terming his parole violated since his sentence has expired, directing the defendants to withdraw their detainer warrant lodged against the plaintiff, and such other further relief as this Court may see just and proper.

The defendants in support of their motion to dismiss the complaint contend that the plaintiff does not have the right to seek dismissal of the warrant until it is executed.

It is the opinion of this Court that the plaintiff's cause of action rests on a faulty legal premise and should therefore be dismissed.

■■ The crux of the plaintiff's action is based on his calculation that under Illinois law, his eight year sentence expires in five years and three months barring loss of good time which means that the detainer warrant against him by the State of Illinois on May 26, 1969 was invalid because his sentence expired on April 11, 1969. The plaintiff presumably bases his computation on Chapter 108 Section 45 of the Illinois Revised Statutes which deals with rules and regulations for diminution of sentence. A parolee, under Illinois law, such as the instant plaintiff, does not *ipso facto* have his sentence expire so as to preclude any subsequent parole violation when he has served only the bare minimum of time required under Chapter 108 Section 45 of the Illinois Revised Statutes. United States ex rel. Foley v. Ragen, 143 F.2d 774 (7th Cir. 1944); Whitten v. Bennett,

141 F.2d 295 (7th Cir. 1944). Under Illinois law, parole is a matter of grace and executive clemency rather than a legal right; a prisoner cannot invoke it at his will and has no right to demand that he be discharged before the expiration of the maximum term of his sentence. People ex rel. Jones v. Brantley, 45 Ill.2d 335, 259 N.E.2d 33 (1970); People v. Nowak, 387 Ill. 11, 55 N.E.2d 63 (1944); People v. Thompson, 381 Ill. 71, 44 N.E.2d 876 (1942). It is well settled among federal courts that the computation of the time served by a prisoner-parolee is clearly within the power of a state which has no duty to credit time served at institutions in other states. Hicks v. Nelson, 440 F.2d 989 (9th Cir. 1971); Singleton v. Shafer, 313 F.Supp. 1094 (E.D.Pa.1970); United States ex rel. Brown v. Pa. Board of Parole, 309 F. Supp. 886 (E.D.Pa.1970).

■ It is clear that the essence of the plaintiff's complaint rests on his inaccurate calculation. Contrary to the plaintiff's contention his parole did not terminate on April 11, 1969 and the detainer warrant lodged against him on May 26, 1969 for parole violation was proper because the plaintiff was still on parole.

Thus, the defendants in performing their duties as officials of the State of Illinois and lodging the instant detainer warrant in no way violated the plaintiff's constitutional rights. Further, plaintiff's allegations as to his discriminatory treatment in the California prison does not raise a claim that involves the instant defendants and thus is not properly before this Court.

Accordingly, it is hereby ordered that the defendants' motion to dismiss is granted.