Paul Gasper, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, January 9, 1978, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and DISALLE.

*Paul Gasper,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, July 27, 1978:

Paul Gasper (petitioner) has filed an "Action in Mandamus," which we have treated as a petition for review pursuant to the Pennsylvania Rules of Appellate Procedure, and to which the Pennsylvania Board of Probation and Parole (Board) has filed an answer including new matter and the certificate of the Chairman of the Board required pursuant to Section 8 of the Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §331.8. The petitioner has also filed a reply to the new matter, and now before us are the petitioner's motion for summary judgment and the Board's cross-motion for summary judgment, accompanied by briefs.

Without reciting all of the facts of the lengthy and complicated history of this case, we will set forth the relevant facts on which the petitioner and the Board agree. The petitioner was sentenced on October 7, 1971, effective September 23, 1970, to a term of two to five years for burglary and larceny (Sentence I). On August 1, 1972, he was further sentenced to a term of one to five years for a separate burglary offense, service of which was to follow to the first sentence (Sentence II). On October 3, 1972, he was constructively paroled from Sentence I and began serving Sentence II. While serving Sentence II at a community treatment center, he was arrested and later sentenced on November 5, 1973 to one to two years for burglary and larceny to be served at the expiration of the other sentences (Sentence III).

On March 21, 1974, the petitioner was again constructively paroled to begin serving Sentence III. On October 4, 1974, he received notice that Sentence II had been dismissed with credit for time served to be applied to Sentence III. After being released on parole from Sentence III on December 9, 1974, he was again arrested on April 10, 1975 and subsequently

sentenced to a term of two to twelve months on a theft charge. This sentence was imposed on June 10, 1975 and the sentencing judge granted the petitioner parole as of that date. He was, however, recommitted as a parole violator on July 30, 1975, after a hearing, to serve the unexpired time not yet served on Sentence I. The Board gave him credit for two years, eleven months and twenty days served on Sentence I and modified the maximum sentence to end May 30, 1978.

The petitioner's later parole and conviction history is not directly relevant, but he is presently serving a sentence of one-and-one-half to three years for a subsequent Luzerne County conviction for criminal trespass with his minimum time to be served until July 18, 1978, and his maximum time until January 18, 1980. The Board is holding a warrant for his violation of parole pending his release.

The pleadings are closed, and, in the absence of a genuine issue as to any material fact, we may rule on the motions for summary judgment. Pa. R.C.P. No. 1035.

The petitioner's only argument is that the period of time served on Sentence II, which sentence was subsequently dismissed, should be credited against *both* Sentence I and Sentence III. This, however, is not the law of the Commonwealth. In *United States ex rel. Henderson v. Commonwealth,* 287 F. Supp. 372 (W.D. Pa. 1968), it was held that a state prisoner is *not* entitled to be credited for time imprisoned on both a prior and a subsequent sentence and that to do so would have the effect of making the two sentences concurrent. Parole does not terminate a sentence, but is merely a conditional release. *Id.* The petitioner here was properly given credit on Sentence III for the time served, and he is clearly not entitled to "double" credit.

The petitioner has also raised a question about credit to be given for three other periods of incarceration. The Board has pleaded that credit for these periods will be applied in the recomputation of his maximum term on Sentence III, but that it will not be recomputed until he is paroled from his present Luzerne County sentence. We are satisfied that these periods of time are no longer at issue.

We will, therefore, grant summary judgment in favor of the Board.

### Order

And Now, this 27th day of July, 1978, the motion for summary judgment made by the Pennsylvania Board of Probation and Parole is hereby granted and the petition for review is dismissed.