## Commonwealth v. Hebel

*Frederick D. Lingle, assistant district attorney,* for the Commonwealth.
*Arthur L. Goldberg,* for defendant.

BROWN, *P.J.,* March 13, 1991 — These are PCRA proceedings wherein defendant is requesting the court to grant him credit on a prior sentence imposed in this court for time served on a sentence in Perry County which was ultimately reversed by the Superior Court and for which defendant was never resentenced.

A chronology of the pertinent procedural facts in this matter begins with a look at the Perry County proceedings. Sometime prior to May 1985, defendant was convicted of arson by a jury in Perry County. On May 2, 1985 he was sentenced to a term of one and one-half to five years in a state correctional institution. Defendant began serving that sentence on July 10, 1985. On August 14, 1986 defendant's conviction in Perry County was reversed by the Superior Court of Pennsylvania. Thereafter the matter was scheduled for retrial but on August 19, 1987, prior to the trial, defendant, pursuant to an agreement with the Commonwealth and the court, entered a plea of nolo contendere to the charge of arson. The matter was then adjourned by the court without any sentence being imposed as indicated by order dated August 19, 1987 by the Honorable Keith B. Quigley, *P.J.* Subsequently on September 3, 1987 Judge Quigley signed an order indicating that the criminal proceedings were concluded and it was directed that all surety heretofore posted be released.

With respect to the Clinton County proceedings, defendant was sentenced on August 1, 1986 to a term of imprisonment with a minimum of two years and a maximum of 10 years in a state correctional institution. This sentence was on the charge of robbery. It followed defendant's being found guilty of robbery and burglary by a jury on April 23, 1984. Defendant's post-trial motions were denied in Clinton County in part on April 16, 1985 and entirely on June 10, 1986. In imposing the Clinton County sentence the court did take into account defendant's prior arson conviction and sentence in Perry County. A direct appeal from defendant's conviction in Clinton County to the Superior Court of Pennsylvania was denied on May 2, 1988. Defen-

dant's application for reargument was denied and an allowance of appeal to the Supreme Court of Pennsylvania was further denied on November 10, 1988.

Thereafter on November 11, 1988 defendant filed a motion for reconsideration with this court which was denied. At that time he challenged the court's consideration of his prior invalid arson conviction during his sentencing proceeding on August 1, 1986. On November 28, 1988 defendant's motion was denied and he subsequently filed an appeal to the Superior Court of Pennsylvania. By an opinion filed June 13, 1989 the Superior Court affirmed the court's denying defendant's motion for reconsideration of sentencing. In so doing the Superior Court suggested that the Post Conviction Relief Act was the appropriate form in which to challenge this court's judgment of sentence. In so doing the Superior Court declined to consider the issue raised by defendant as to whether at the resentencing hearing a trial court should consider events subsequent to the original sentence. Defendant then filed a Post Conviction Hearing Act petition with the court and following a proceeding held on that petition the matter is ready for disposition with respect to the issues raised by defendant arising out of his Perry County conviction and the impact of those proceedings including his incarceration on the present proceedings.

It should be noted that defendant's Clinton County sentence was to have begun on August 1, 1986. He was at that time still serving the Perry County sentence so that in part his Clinton County sentence was originally contemplated to have run concurrently with his Perry County sentence. Since he began serving his Perry County sentence on July 10, 1985, and was released based on the Superior Court reversal on August 29, 1986, he had served

approximately 13 and one-half months toward his 18-month minimum sentence in that county. By contrast he would have served only 29 days of the Clinton County sentence toward his minimum two-year sentence.

On May 29, 1990 defendant was incarcerated on the Clinton County sentence by order of the Honorable Judge Greevy, specially presiding, and he has been incarcerated on the Clinton County sentence since that time. It would thus appear that at the present time defendant has served approximately nine and one-half months on his Clinton County sentence since May 29, 1990 plus an additional 29 days which was served in the month of August 1986.

## ISSUE

Whether defendant is entitled to credit against his current Clinton County sentence for time he served on a conviction in Perry County that was subsequently reversed without a judgment of conviction.

## DISCUSSION

Defendant argues he is entitled to credit on his Clinton County sentence for the time served on the invalid Perry County conviction. Defendant has cited the provisions of 42 Pa.C.S. §9760(3) which provide as follows:

"If the defendant is serving multiple sentences and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based."

The Commonwealth opposes defendant's request. Initially the Commonwealth takes issue with defendant's position that the Perry County proceedings did not result in a conviction against him. The court as a matter of law must reject the Commonwealth's argument on this point. It is clear from the court orders offered into evidence from the Perry County proceedings that the proceedings were in fact concluded without any judgment of sentence being imposed. It is a rather concrete principle of law that a conviction does not exist in a criminal case until such time as a sentence is imposed. Although it is likely Judge Quigley declined to impose a sentence following the reversal because defendant had already served more than a year on the Perry County arson charge, this court must accept as a given in this case the proposition that defendant does not have a conviction arising out of the Perry County arson charge.

The Commonwealth argues that section 9760(3) does not apply to the present case on the basis that the Perry County and the Clinton County sentences were not multiple sentences. The Commonwealth predicates this argument on the proposition that they are not multiple sentences "according to the definition of same and the standard practice of what a multiple sentence would be." The Commonwealth has cited no authority with respect to what it considers to be the definition of "multiple sentences," which leaves the court in somewhat of a quandary in terms of evaluating whether defendant was serving multiple sentences in this particular case. The court has examined section 9702, which contains the definition section for the Sentencing Code, and notes that the term "multiple sentences" is not defined in that section.

The Commonwealth next argues that "[o]bviously, it is not the intent of section 9760 . . . that the defendant be given credit for the sentence in another jurisdiction which has since been vacated." On the contrary, the plain meaning of section 9760(3) *requires* the court to give credit for time served on a sentence that is set aside, provided, however, that credit be given only for time served *after* the commission of the offense underlying the valid sentence.

Defendant committed the underlying offenses in this action in February 1980. Defendant was incarcerated on the Perry County conviction from July 10, 1985 to August 14, 1986. Thus defendant satisfies the requirement of section 9760(3) that credit may be given only for that portion of a set-aside sentence served after the commission of the offenses underlying the valid sentences. Were the statute drafted otherwise, a criminal defendant who had served time on a subsequently set-aside conviction would have incentive to commit future criminal acts because of having credit "in the bank," so to speak. As it is, the General Assembly wisely limited credit to criminal offenses committed prior to the credited time served.

Finally, the court must address the Commonwealth's contention that time served in one county may not be credited by another county. The courts have had few opportunities to apply section 9760(3) and its predecessor 18 Pa.C.S. §1360(3). Defendant points the court to two 1978 cases which support the award of credit for time served.

In *Gasper v. Commonwealth,* 37 Pa. Commw. 26, 388 A.2d 1139 (1978) the Commonwealth Court affirmed the decision of the Board of Probation granting the defendant credit on one sentence for time served on an invalid sentence. Likewise, in *Commonwealth v. Bailey,* 258 Pa. Super. 364, 392

A.2d 836 (1978) the Superior Court held that a prisoner whose homicide conviction was reversed was entitled to credit on a separate and unrelated offense.

The cases cited by defendant in support of receiving credit, *Bailey* and *Gasper*, do not address the award of credit for time served in another county. It appears all the sentences in each case arose from only one county. In *Commonwealth ex rel. Bleecher v. Rundle*, 207 Pa. Super. 473, 217 A.2d 772 (1966), the Superior Court reiterated the rule that "the period of imprisonment in one county is credited only against the charges there, even though there are charges pending in other counties or states." The Superior Court declined to credit time served prior to an acquittal in Delaware County to another sentence in Montgomery County because the time served was not "on the offense" for which defendant was sentenced in Montgomery County. The Superior Court relied on 19 P.S. §898, which provided:

"Any person who has been convicted of an offense in any court in this Commonwealth and sentenced to term of imprisonment shall be given credit toward the service of his sentence for any days spent in custody *on this offense* prior to the imposition of his sentence, including any days spent in custody on this offense prior to the entry of bail." (emphasis supplied)

The Superior Court noted that it was aware of no authority or reasoning that would support defendant's request for credit.

Indeed, it appears that at the time the Superior Court decided *Rundle* in 1966, the code did not allow credit on other sentences for time served on a set-aside sentence. Not until 1974 did the General Assembly enact such a "credit for time served"

provision. See December 30, 1974, P.L. 1052, no. 345, §1360 (codified at 18 Pa.C.S. §1360(3)). The identical provisions of 18 Pa.C.S. §1360(3) were transferred from Title 18 to Title 42 in 1980 and are now codified at 42 Pa.C.S. §9760(3). See October 5, 1980 P.L. 693, no. 142, §401(a).

Section 9760(3) does not except time served in another county. The court is not free to rewrite the code by grafting additional provisions. *Garcia v. Community Legal Services Corp.*, 362 Pa. Super. 484, 524 A.2d 980 (1987). In the absence of language limiting credit to sentences arising in the same county, the court must accept the statute at face value and award defendant credit for time served in Perry County.

## ORDER

And now, March 13, 1991, based upon the foregoing opinion, it is hereby ordered that the sentencing order of August 1, 1986 be modified to provide for defendant to receive credit on this court's sentence for time spent in custody from July 10, 1985 to August 1, 1986 under his vacated Perry County sentence to no. 24 of 1984.