WILLY STERLING *et al.*, Petitioners-Appellants, v. PAUL KLINCAR, Chairman, Prisoner Review Board, *et al.*, Respondents-Appellees.

Third District   Nos. 3—91—0428, 3—91—0466, 3—91—0270 cons.

Opinion filed March 27, 1992.

Willy Sterling, of Joliet, appellant *pro se.*

Henry Dee, of Joliet, appellant *pro se.*

Ronnie Lee Cunningham, of Joliet, appellant *pro se.*

Roland W. Burris, Attorney General, of Springfield (Daniel N. Malato, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE HAASE delivered the opinion of the court:

The three petitioners in this case, Willy Sterling, Ronnie Lee Cunningham, and Henry Dee, individually filed actions in *mandamus*, alleging that the Illinois Prisoner Review Board (Board) had violated their due process rights by arbitrarily denying them parole. Dee additionally alleged that a recent amendment to section 3—3—5(f) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1003—3—5(f)), which allowed the Board to set parole hearings more than one year apart, is an *ex post facto* law as applied to him. The circuit

court dismissed their complaints. The petitioners appeal. This court, on its own motion, ordered the consolidation of these appeals because they raised the common claim that the Board arbitrarily denied parole.

In 1975, Willy Sterling was convicted of murder and sentenced to 100 to 150 years' imprisonment. He appeared before the Board every year from 1983 through 1991, and was denied parole each time.

In 1976, Ronnie Lee Cunningham was convicted and sentenced to consecutive terms of 100 to 150 years' imprisonment for murder, 10 to 15 years for armed robbery, and three to nine years for aggravated battery. He appeared before the Board every year from 1984 through 1990. He, too, was denied parole each time.

In 1972, Henry Dee was convicted of two counts of murder and sentenced to two concurrent terms of 100 to 200 years' imprisonment. He was also convicted of two counts of armed robbery and sentenced to two concurrent terms of 20 to 40 years' imprisonment which were to run consecutively to the 100- to 200-year terms. He appeared before the parole board every year from 1980 through 1988. He was likewise denied parole each time.

On appeal, the petitioners all contend that they were denied due process because the reasons the Board gave for denying parole were inadequate. In support of that contention they note that in each of their cases, the Board indicated that parole was denied because "parole at this time would deprecate the serious nature of the crime and promote a disrespect for the law." The petitioners suggest that this language is mere "boiler plate" and not an adequate reason. In support of their contention, they argue that because other inmates convicted of murder have been paroled, the nature of the crime is not an adequate reason for denying parole. See *United States ex rel. Scott v. Illinois Parole & Pardon Board* (7th Cir. 1982), 669 F.2d 1185.

The due process clauses of the Federal and State Constitutions protect against deprivation of liberty or property without due process of law. (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2.) Consequently, procedural due process protections are triggered only when a constitutionally protected liberty or property interest is at stake. *Board of Regents of State Colleges v. Roth* (1972), 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701; *Wilson v. Bishop* (1980), 82 Ill. 2d 364, 412 N.E.2d 522.

We find, however, that we need not determine here whether the Illinois parole release statute (Ill. Rev. Stat. 1989, ch. 38, par. 1003—3—5(c)) creates a constitutionally protected liberty interest. Even if such a liberty interest arises, the reasons the Board gave the petition-

ers for the denial of their parole applications satisfied due process requirements. See *Tiller v. Klincar* (1990), 138 Ill. 2d 1, 561 N.E.2d 576.

■ The test to determine whether reasons for denying parole are constitutionally sufficient is whether the reasons are adequate to enable a reviewing body to determine whether parole has been denied for an impermissible reason or for no reason at all. (*Tiller v. Klincar* (1990), 138 Ill. 2d 1, 561 N.E.2d 576.) Further, detailed findings of fact are not required if the Board considered all the relevant factors and furnished the inmate with both the grounds for its decision and the facts upon which inferences were drawn. (*Tiller v. Klincar* (1990), 138 Ill. 2d 1, 561 N.E.2d 576.) Where the Board denies parole on the ground that release would deprecate the seriousness of the offense and promote disrespect for the law, due process standards are met if the Board lists the offense of which the inmate was convicted and indicates the extreme length of the sentence imposed. *Tiller v. Klincar* (1990), 138 Ill. 2d 1, 561 N.E.2d 576.

■ In the instant cases, we find that the Board adequately set forth reasons for denying parole. In denying parole for Sterling, the Board stated:

"You were heard for the possibility of parole during the regular docket of the Illinois Prisoner Review Board. The facts of your committing offense were reviewed, your institutional records noted and you were seen in a face to face hearing.

You were found guilty of murder in 1975 and sentenced to 6 concurrent terms of 50 to 150 years. You and an accomplice went into a public aid office and shot two security officers to death.

The Board notes your good adjustment and presidency of the Jaycees. Adequate parole plans were presented, but the Board still feels that a parole at this time would deprecate the serious nature of your offense (Murder) and promote disrespect for the law.

Parole is denied."

In determining that Cunningham should not be granted parole, the Board concluded:

"The Board has reviewed material in your file including but not limited to the Statement of Facts, institutional adjustment, release plans and your personal appearance including the testimony of your wife and other visitors.

The file reflects that you were sentenced to 100-150 years (murder), 10-25 years (armed robbery), and 3-9 years (aggravated battery).

Material in the record indicates that you and other codefendants entered the residence of the victim and the end resulted in the beating death of one victim with a rifle and vase, and permanent injury to another. You and your codefendant received similar lengthy sentences to be served consecutively.

Your institutional adjustment appears good and your assignments to Officer's Dormitory, Farm Garden, and adult education are noted.

Release plans were reviewed and discussed with you.

However, parole is denied at this time because of the brutal nature of your offenses and in the opinion of the Board parole, now, would deprecate the seriousness of your offenses and promote disrespect for the law.

Parole denied."

After considering Dee's application for parole, the Board stated:

"Members of the Prisoner Review Board in making a decision to grant or deny parole have reviewed the following: statement of facts of case and sentence imposed, prior criminal records, institutional adjustment, parole plans and the personal interview conducted with the resident. Protests, including that of the State's Attorney of Cook County is noted.

Presently Mr. Dee is serving 100-200 years for murder; 20-40 years for armed robbery (consecutive), 100-200 years for murder; 20-40 years for armed robbery, two concurrently but consecutive to the first two counts. The instant crime occurred when the resident and a co-defendant held two victims at gunpoint, hogtied, gagged, tied them and killed the male victim while a robbery took place. Later the female was raped and beaten to death. All gas jets and a gas oven were turned on and fire set to an apartment in an attempt to destroy the evidence. A past history of criminal behavior exists and the above crime was committed while on parole.

Institutional adjustment is satisfactory and plans to work and live in Chicago were weighed by the board in their decision.

After deliberation of the above the board denied parole due to the brutal and heinous nature of the offense. To grant parole at this time would deprecate the seriousness of the crime and promote a disrespect for the law."

These statements do not indicate that parole was denied merely because the petitioners were convicted of murder. Rather, the Board adequately set forth reasons explaining why parole was being denied. The Board indicated that among the factors it considered in denying parole were the nature of the offenses, the extreme length of the sentences imposed, previous criminal conduct, and the objections of the State's Attorney. Even assuming that a protectable liberty interest arose by operation of the Illinois parole release statute, the Board's explanations for its decisions denying parole satisfied the requirements of due process. (See *Tiller v. Klincar* (1990), 138 Ill. 2d 1, 561 N.E.2d 576.) Accordingly, we find that the circuit court properly dismissed the petitioners' due process complaints.

■ Petitioner Sterling additionally contends that he was convicted of only two murders, but that the Board indicated he was convicted of six murders. We find from the language used by the Board that we are unable to discern whether the Board was referring to six murder convictions or a total of six convictions for various crimes. An appellant has the burden to present a sufficiently complete record to support his claim and, in the absence thereof, it will be presumed that the trial court acted correctly. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 459 N.E.2d 958.) Since the record the petitioner supplied with this appeal does not supply adequate details concerning his sentencing, we are unable to conclude that there is any merit to the petitioner's contentions.

■ Petitioner Dee likewise contends that the Board erred in stating that he raped his victim, because he was never convicted of rape. We first note that the Board did not say that Dee committed the rape. Additionally, even if the Board's statement is read as indicating that Dee raped his victim, such a statement is not without support. In fact, in Dee's direct appeal from his conviction the appellate court noted that although Dee was not charged with sexual assault, one could draw a reasonable inference from the evidence that the victim was sexually assaulted. (*People v. Dee* (1975), 26 Ill. App. 3d 691, 325 N.E.2d 336.) Finally, even if all references to sexual assault were ignored, the Board still found and stated adequate grounds for denying the petitioner's parole. Accordingly, we cannot conclude that the circuit court improperly dismissed his appeal.

■ We now turn our attention to Dee's contention that the current version of section 3—3—5(f) of the Unified Code of Corrections is an *ex post facto* law as applied to him. Dee's contention is founded on the fact that subsequent to his conviction, section 3—3—5(f) was

amended to provide for hearings every three years rather than annually. Ill. Rev. Stat. 1989, ch. 38, par. 1003—3—5(f).

The Illinois Supreme Court has made it clear that section 3—3—5(f) is an *ex post facto* law when its amended version is applied to prisoners who were convicted prior to the amendment. (*Tiller v. Klincar* (1990), 138 Ill. 2d 1, 561 N.E.2d 576.) However, *Tiller* was released in 1990 and Dee was scheduled for a parole hearing in December of 1991. There is no evidence in the record that the December 1991 hearing was not held, nor is evidence presented indicating that subsequent hearings would not be held on an annual basis. Because the amended version of section 3—3—5(f) is no longer being applied to Dee, the issue is moot. Accordingly, we find that the circuit court properly dismissed Dee's complaint.

The judgments of the circuit court of Will County are affirmed.

Affirmed.

BARRY, P.J., and GORMAN, J., concur.