CLARENCE WALKER, Petitioner-Appellant, v. PAUL J. KLINCAR *et al.*, Respondents-Appellees.

Third District   No. 3—92—0669

Opinion filed April 29, 1993.

Clarence Walker, of Joliet, appellant *pro se.*

Roland W. Burris, Attorney General, of Springfield (Brian F. Barov, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE SLATER delivered the opinion of the court:

The petitioner, Clarence Walker, appeals from a motion for summary judgment granted in favor of the respondent, Paul J. Klincar of the Illinois Prisoner Review Board (the Board). We reverse.

The record reveals that in March of 1968, Walker was convicted of rape, armed robbery, and attempted murder. Walker's first parole hearing was held in 1977, and annual rehearings were held from 1978

to 1989. After being denied parole in February of 1989, Walker's next rehearing was scheduled for February of 1992.

On March 30, 1989, Walker filed a petition for writ of *mandamus* alleging that he was entitled to annual parole rehearings under section 3—3—5(f) of the Unified Corrections Code of 1973 (the Code) (Ill. Rev. Stat. 1973, ch. 38, par. 1003—3—5(f)). He further alleged that the continuance of his parole hearing for three years under a 1988 amendment to section 3—3—5(f) of the Code (Ill. Rev. Stat. 1989, ch. 38, par. 1003—3—5(f)) violated the constitutional prohibition against *ex post facto* laws. On May 22, 1989, Walker filed an amended petition adding the allegation that the reasons given for denying his parole request violated his right to due process and were constitutionally inadequate.

The Board subsequently filed a motion to dismiss arguing that the 1988 amendment to section 3—3—5(f) which allowed the Board to extend the time between parole rehearings to three years was a procedural change that did not affect Walker's substantive rights. Additionally, the Board argued that the reasons given for the denial of parole complied with due process requirements and were constitutionally adequate.

The circuit court granted the Board's motion to dismiss and Walker appealed. On September 12, 1990, this court affirmed the dismissal of Walker's petition. (*Walker v. Klincar* (3d Dist. 1990), No. 3—90—0097 (unpublished order under Supreme Court Rule 23).) In so doing, we concluded that the 1988 amendment to section 3—3—5(f) was a procedural change which did not disadvantage Walker. We also concluded that the reasons given by the Board for denying Walker's parole were constitutionally adequate.

One week later, the Illinois Supreme Court decided *Tiller v. Klincar* (1990), 138 Ill. 2d 1, 561 N.E.2d 576. In that case, our supreme court was faced with the same basic issues that were raised by Walker. The court concluded that the 1988 amendment to section 3—3—5(f) violated the constitutional prohibition against *ex post facto* laws. However, the court further found that the reasons given for denying parole complied with due process requirements and were constitutionally adequate.

Subsequent to the *Tiller* decision, Walker filed a petition for leave to appeal in the Illinois Supreme Court. In that petition, Walker argued that this court's September 12, 1990, order was in direct conflict with *Tiller* on the *ex post facto* issue.

The Illinois Supreme Court allowed Walker's petition for leave to appeal and exercised its supervisory authority to reverse the judg-

ments of both this court and the circuit court. The court further ordered that the cause be remanded to the circuit court for further proceedings consistent with *Tiller*.

On remand, the Board filed a motion for summary judgment alleging that section 3—3—5(f) was not *ex post facto* as applied to Walker. The Board argued that Walker was not entitled to annual parole hearings because, unlike the prisoner in *Tiller*, Walker was convicted *prior* to enactment of the law requiring annual parole board hearings.

On August 27, 1992, the circuit court entered summary judgment in the Board's favor. Walker appeals.

On appeal, Walker raises two issues. First, he contends that the circuit court erred in concluding that section 3—3—5(f) was not *ex post facto* as applied to him. Second, he argues that the reasons given for denying parole did not comply with due process requirements and were constitutionally inadequate.

Before we reach these issues, we must address the Board's contention that we do not have jurisdiction to hear this case. The Board notes that the circuit court entered summary judgment only on the *ex post facto* issue and that no final order was entered on the due process issue. The Board contends that we do not have jurisdiction since the judgment was not dispositive of all of the claims. See 134 Ill. 2d Rules 301, 304.

● 1 We begin by noting that we previously determined that Walker's due process issue was without merit in our September 12, 1990, order. (*Walker v. Klincar* (3d Dist. 1990), No. 3—90—0097 (unpublished order under Supreme Court Rule 23).) Walker's petition for leave to appeal from that order raised only the *ex post facto* issue, *not* the due process issue. Accordingly, the only issue properly before the supreme court was the *ex post facto* issue. See *People v. Anderson* (1986), 112 Ill. 2d 39, 490 N.E.2d 1263.

Since the reversal and subsequent remandment were premised entirely on the *ex post facto* issue, that issue was the only issue properly before the circuit court on remand. (See *People ex rel. Daley v. Schreier* (1982), 92 Ill. 2d 271, 442 N.E.2d 185.) Further, because the circuit court's granting of summary judgment based on the *ex post facto* issue was dispositive of all the issues properly before the court, the judgment was final and appealable. See 134 Ill. 2d Rules 301, 304.

Although we have jurisdiction to hear the *ex post facto* issue, we note that Walker's due process claim was properly before neither the supreme court nor the circuit court on remand. Thus, we may not reconsider that issue. The due process claim remains *res judicata* based on our September 12, 1990, order. Accordingly, we turn our attention

to Walker's contention that the circuit court erred in concluding that section 3—3—5(f) was not *ex post facto* as applied to him.

Prior to 1973, annual parole rehearings were not statutorily required. (Ill. Rev. Stat. 1967, ch. 38, par. 123—1 *et seq.*) In 1973, section 3—3—5(f) of the Code became effective and required annual parole rehearings. (Ill. Rev. Stat. 1973, ch. 38, par. 1003—3—5(f).) In 1988, section 3—3—5(f) was amended so that annual parole rehearings were no longer required. Ill. Rev. Stat. 1989, ch. 38, par. 1003—3—5(f).

In *Tiller v. Klincar* (1990), 138 Ill. 2d 1, 561 N.E.2d 576, the supreme court made it clear that the 1988 version of section 3—3—5(f) was an *ex post facto* law when applied to persons convicted while the 1973 version of section 3—3—5(f) was in effect.

The Board argues that *Tiller* is not controlling in the instant case. The Board contends that the 1988 version of section 3—3—5(f) is not an *ex post facto* law when applied to Walker since he was convicted *prior* to the 1973 enactment of section 3—3—5(f). We disagree.

■ We begin by noting that our supreme court explicitly remanded the instant cause "for further proceedings consistent with *Tiller*." From this we conclude that our supreme court has decided to extend the *ex post facto* holding in *Tiller* to defendants such as Walker who were convicted prior to the 1973 enactment of section 3—3—5(f).

Even if we were not bound by the supreme court's order, we would still conclude that section 3—3—5(f) was *ex post facto* as applied to Walker. Section 3—3—5(f) merely codified the Board's general practice of allowing parole rehearings every 12 months. (See 730 ILCS 5/3—3—5(f), Council Commentary, at 56 (Smith-Hurd 1992); see also *People ex rel. Jones v. Brantley* (1970), 45 Ill. 2d 335, 259 N.E.2d 33.) Thus, it would be inconsistent to provide annual parole rehearings for prisoners convicted *subsequent* to the 1973 enactment of section 3—3—5(f) while not providing such hearings for prisoners convicted *prior* to the enactment of section 3—3—5(f).

Finally, we note that subsequent to the *Tiller* ruling, the Board has provided annual parole rehearings for other prisoners, who, like Walker, were convicted prior to enactment of the 1973 version of section 3—3—5(f). (See *Goins v. Klincar* (1992), 225 Ill. App. 3d 961, 588 N.E.2d 420; *Sterling v. Klincar* (1992), 226 Ill. App. 3d 675, 589 N.E.2d 1149.) We see no reason to treat Walker differently from those other similarly situated prisoners.

For the reasons set forth above, we reverse the circuit court's summary dismissal of Walker's *ex post facto* claim and order that Walker is entitled to annual parole rehearings.

Reversed.

BRESLIN and LYTTON, JJ., concur.